John Patrick George **HASLAM III,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 25142.

United States Court of Appeals,
Ninth Circuit.

Aug. 31, 1970.

Rehearing Granted Dec. 23, 1970.

6. *See* United States v. Virzera, 149 F.2d 188 (2d Cir. 1945); United States v. Gallo, 50 F.Supp. 158 (E.D.N.Y.1943).

Ernest L. Miller, San Jose, Cal., David K. Yamakawa, Jr., San Francisco, Cal., for appellant.

Robert L. Meyer, U. S. Atty., Robt. L. Brosio, Chief, Criminal Div., John Hornbeck, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL and KOELSCH, Circuit Judges, and TAYLOR,* District Judge.

FRED M. TAYLOR, District Judge.

The appellant has appealed from a judgment of conviction and sentence in the District Court for the willful violation of 18 U.S.C. § 3150 (failure to appear for sentencing). In May, 1969, the appellant was convicted for the interstate transportation of a stolen motor vehicle in violation of Title 18 U.S.C. § 2312. On May 27, 1969, he failed to comply with the order of the court to appear for sentencing. He was subsequently arrested in Florida and returned to California, where he was sentenced to the maximum term of imprisonment of five years. Thereafter, the appellant was prosecuted for his willful failure to appear for sentencing. A judgment of conviction was entered upon a verdict of guilty and the appellant was sentenced to serve thirteen months imprisonment, to run consecutively with the sentence imposed on the prior conviction for a violation of Title 18 U.S.C. § 2312.

The appellant contends that at the time he was sentenced on his first conviction, the District Judge, in imposing the maximum five-year sentence, took into consideration appellant's failure

---

* Hon. Fred M. Taylor, United States District Judge, District of Idaho, sitting by designation.

to appear as ordered for sentencing. The appellant argues that the subsequent prosecution and sentencing for his failure to appear constituted a second punishment imposed for the same offense, or an additional punishment imposed for an offense for which the appellant had already been punished. This argument is without merit. While it appears from the record that the conviction for the interstate transportation of a stolen motor vehicle was the first felony conviction of the defendant, the record does not show that the trial judge abused his discretion in imposing the maximum sentence therefor. It was proper for the trial court to consider the subsequent misconduct of the defendant in determining the amenability of the appellant to rehabilitation and the degree of punishment to be meted out. Also, it further appears from the record that the appellant had a prior record of criminal offenses not amounting to felonies. Thus, the record does not support a conclusion that the trial court, in sentencing on the first conviction, necessarily imposed punishment on the appellant for his failure to appear for sentencing as ordered. The sentences imposed were for two distinct and separate offenses having distinctive elements. The record does not support the contention that the defendant was tried or punished twice for the same offense. Howard v. United States, 372 F. 2d 294, 297 (9th Cir. 1967), cert. denied 388 U.S. 915, 87 S.Ct. 2129, 18 L.Ed.2d 1356 (1967).

The appellant also contends that the trial court unduly restricted appellant's right to examine the jury on voir dire. The trial court required defense counsel to submit to the court, five days prior to trial, a proposed list of questions to be asked the jury on voir dire examination. The appellant argues that this requirement restricted his examination, since many possible questions could not be postulated until a jury panel was chosen, and such factors as age, occupation, sex and race would be known to the defendant.

The record indicates that at the time the trial court requested a list of proposed questions, it was explained to defense counsel that questions which might develop in the course of the voir dire examination could be asked at that time. At the trial, the court conducted the voir dire examination, asking numerous questions to individual veniremen. At times, at the request of appellant's counsel, the court asked other specific questions requested by counsel, and occasionally refused to ask certain proposed questions. At no time did the defendant request the court to make inquiry beyond the questions submitted, nor did the defendant object to the refusal of the court to ask certain questions.

This court has repeatedly held that the scope of voir dire examination and the procedures to be used are matters within the sound discretion of the trial judge, and will not be disturbed on appeal unless the procedures used or the questions propounded are so unreasonable or devoid of the constitutional purpose as to constitute an abuse of that discretion. Rodgers v. United States, 402 F.2d 830 (9th Cir. 1968); Amsler v. United States, 381 F.2d 37 (9th Cir. 1967); Alverez v. United States, 282 F. 2d 435 (9th Cir. 1960); Johnson v. United States, 270 F.2d 721 (9th Cir. 1959), cert. denied 362 U.S. 937, 80 S.Ct. 759, 4 L.Ed.2d 751. An examination of the record does not show that appellant was restricted in any manner from propounding further questions to the jury through the trial judge, or that a refusal to ask any specific question was prejudicial to him. The record does not disclose that there was an abuse of discretion by the trial court.

The appellant's final argument for reversal of his conviction is that he was denied his Sixth Amendment right to counsel for the reason that he was denied his right to proceed with his defense *in propria persona*. The record reflects

that the trial court granted appellant the right to proceed *in propria persona*. The court further ordered that in furtherance of the right granted, the appellant be permitted certain privileges while incarcerated in the Orange County Jail, including access to a typewriter, telephone, and the county law library. The court revoked such privileges, however, upon a complaint by county officials that the appellant had removed pages from law books in the county library, and had used improper credit credentials in making long-distance telephone calls.

The constitutional right to assistance of counsel includes the correlative right to dispense with counsel and proceed *in propria persona*. Bayless v. United States, 381 F.2d 67 (9th Cir. 1967); Juelich v. United States, 342 F.2d 29 (5th Cir. 1965); United States v. Plattner, 330 F.2d 271 (2d Cir. 1964). The record here, however, does not support the contention that the appellant was denied this right. The order of revocation by the trial court did not affect the appellant's right to appear in his own behalf, but only restricted, for good cause, certain privileges granted the appellant to assist him in the exercise of that right. No prejudice is shown to have resulted to the appellant because of the limitation imposed. The order of revocation was not entered until three weeks after trial, at which time the appellant had already submitted an extensive memorandum in support of his post-trial motions. Moreover, throughout the proceedings in the trial court, the appellant had the assistance of competent counsel of his own choice, appointed by the court to assist him in the presentation of his case. On these facts, the revocation of privileges did not infringe upon the appellant's right to appear and act in his own behalf. Bayless v. United States, supra.

The judgment of conviction is affirmed.