**Floyd DARBIN, Plaintiff-Appellant,**

v.

**George NOURSE, Defendant-Appellee.**

**No. 79–4357.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 1981.

Decided Dec. 28, 1981.

Stephen L. Pevar, American Civil Liberties Union, Denver, Colo., for plaintiff-appellant.

John P. Howard, Boise, Idaho, argued for defendant-appellee; Robert A. Anderson, Boise, Idaho, on brief.

Before CHOY, KENNEDY, and REINHARDT, Circuit Judges.

## I.

REINHARDT, Circuit Judge:

Appellant, Floyd Darbin, sued his former jailer, George Nourse, in a civil rights action brought pursuant to 42 U.S.C. § 1983. Darbin alleged that, while he was an inmate of the Canyon County, Idaho jail, Nourse, the County Sheriff, assaulted him, battered him and, for several months thereafter, withheld his mail and visitation rights. Following a three day jury trial, a verdict was rendered in favor of Nourse. On appeal, Darbin asserts that the *voir dire* examination was insufficient to allow him to exercise intelligently his jury challenges for cause and his peremptory challenges.

Prior to trial, Darbin moved for an extended *voir dire*. He informed the court that most of his prospective witnesses were inmates while most of Nourse's prospective witnesses were police officers. Darbin asserted that "many people subconsciously believe that police officers are more credible witnesses than other persons are and that jail inmates should not sue jail officials." He claimed that he would be unable to make informed decisions with regard to jury selection unless he could probe the prospective jurors' attitudes toward police officers and their testimony and the right of inmates to sue their jailers.

Darbin submitted 53 proposed *voir dire* questions, inquiring extensively into the prospective jurors' backgrounds, knowledge about jails and views about police officers, jail inmates and other matters. Among the questions submitted was the following:

> Some of the witnesses in this case, including the defendant, George Nourse, are police officers. If one of these officers were to say that a certain thing happened and another witness who is not a police officer states that it didn't happen, would you be inclined to believe the police officer just because he is a police officer?

The trial judge denied the motion for extended *voir dire*, indicating that he would consider the proposed questions, ask those which he thought proper, and remain open to counsel's suggestions for further inquiry at the conclusion of his examination. The

trial judge stated: "I'm not going to ask them their views about police officers, unless something arises that shows some prejudice or bias. I might find out whether they have any prejudice *against police officers* or anyone concerning jail sentence." (Emphasis added).

After calling prospective jurors to the jury box, the trial judge conducted the *voir dire* himself, as permitted by Rule 47(a) of the Federal Rules of Civil Procedure. The *voir dire* was rather brief. The court asked each prospective juror to state his name, residence, occupation, and spouse's occupation, and inquired whether any of the prospective jurors had prior jury experience. The court explained that it was the jury's duty to try the case solely on the basis of the evidence adduced at trial and the law as given in the court's instructions. The prospective jurors were asked, as a group, whether they had had any problems with law enforcement officers or *prejudice against them,* or any prejudice because "somebody may have been incarcerated in a jail." None of the jurors responded. The court then asked the panel whether any juror had been around a jail and whether any juror or his immediate family had had any experience with law enforcement officers or had been victims of a crime. The court also asked whether any of the prospective jurors were related to law enforcement officers. While the trial judge asked some of the questions submitted by Darbin, he did not ask the prospective jurors whether they were more likely to believe the testimony of a law enforcement officer simply because of his official position, nor did he ask the prospective jurors as a group any further questions designed to elicit bias in favor of law enforcement officers or their testimony.

When the trial judge asked whether any jurors were related to law enforcement officers, several jurors replied in the affirmative. These jurors were then asked individually whether "anything about that would

tend to prejudice you one way or another in this case?" In one instance, the inquiry was phrased, "Nothing about that would tend to prejudice you one way or another, I take it?"[1] The trial judge then concluded his examination by inquiring of the jurors as a group whether there was any reason why they could not try the case fairly and impartially on the evidence adduced at trial and the law given by the court.

Following the trial judge's examination of the prospective jurors, he inquired whether either party had additional questions. Darbin requested that the individuals related to law enforcement officers be asked the previously submitted question—whether they would be more likely to believe the testimony of a law enforcement officer simply because of his official position. The court declined to do so. Darbin then renewed his request that all prospective jurors be asked the questions previously submitted in connection with his motion for extended *voir dire,* including the question just mentioned. The court refused to inquire further of the panel. One juror was removed for cause. Peremptory challenges were exercised and the jury was sworn.

On appeal, Darbin argues that the *voir dire* did not satisfy the requirements of the seventh amendment. Specifically, he asserts that the trial judge abused his discretion by failing to probe adequately the prospective jurors' attitudes toward law enforcement officers and the rights of prison inmates, and by conducting a *voir dire* too perfunctory to allow the intelligent exercise of peremptory challenges. We decide the case on non-constitutional grounds. We conclude that the district court abused its discretion and violated the provisions of F.R.Civ.P. 47(a).

## II.

The *voir dire* examination plays a critical role in securing the right to an impartial jury in civil, as well as criminal,

---

1. The trial judge used this same form of inquiry as to prejudice, stating the proposition in the negative, in several instances following responses to other questions. Although we do not suggest that this form of question is necessarily improper in all instances, we note that it tends to invite a denial of prejudice rather than a thoughtful, objective response.

trials. The principal purpose of *voir dire* is to probe each prospective juror's state of mind to enable the trial judge to determine actual bias and to allow counsel to assess suspected bias or prejudice. Thus, a *voir dire* examination must be conducted in a manner that allows the parties to effectively and intelligently exercise their right to peremptory challenges[2] and challenges for cause.[3]

■ While the peremptory challenge and the challenge for cause serve the same end, that of securing an impartial jury, they offer the parties two distinct, although complementary, methods of challenging biased jurors. Both types of challenges are important to the effort to obtain a fair tribunal.[4] The challenge for cause is narrowly confined to instances in which threats to impartiality are admitted or presumed from the relationships, pecuniary interests, or clear biases of a prospective juror. The peremptory challenge is considerably more extensive in scope. It serves to remove jurors who, in the opinion of counsel, have unacknowledged or unconscious bias. "While challenges for cause permit rejection of jurors on a narrowly specified, provable and legally cognizable basis of partiality, the peremptory permits rejection for a real or imagined partiality that is less easily designated or demonstrable." *Swain v. Alabama*, 380 U.S. 202, 220, 85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965). The two types of challenges, in combination, are designed to achieve two important objectives: first, that when a jury is finally chosen it will perform its duties in a fair and unbiased manner; and second, that the parties and the public will have confidence in the impartiality and integrity of the jury.

■ The trial court must conduct *voir dire* in a manner that permits the informed exercise of both the peremptory challenge and the challenge for cause. Questions which merely invite an express admission or denial of prejudice are, of course, a necessary part of *voir dire* because they may elicit responses which will allow the parties to challenge jurors for cause. However, such general inquiries often fail to reveal relationships or interests of the jurors which may cause unconscious or unacknowledged bias. For this reason, a more probing inquiry is usually necessary. In some lawsuits the nature of the case itself suggests that a more specific inquiry is required with respect to particular matters. The nature of the controversy or the relationship and identity of the parties may involve matters on which a number of citizens may be expected to have biases or strong inclinations. If an inquiry requested by counsel is directed toward an important aspect of the litigation about which members of the public may be expected to have strong feelings or prejudices, the court should adequately inquire into the subject on *voir dire*. The court must not be niggardly or grudging in accepting counsels' requests that such inquiries be made.

■ The court need not use the question in the precise form suggested by counsel. Nor need a particular question be asked if the substance of the inquiry is covered in another question, differently phrased, or in the *voir dire* as a whole. Certainly the trial court need not conduct an inquiry which is cumulative.

■ The content and conduct of the questioning are generally committed to the sound discretion of the district court in both civil and criminal cases. *Connors v. United States*, 158 U.S. 408, 413, 15 S.Ct. 951, 953,

2. The Supreme Court recently stated that "lack of adequate *voir dire* impairs the defendant's right to exercise peremptory challenges where provided by statute or rule, as it is in the federal courts." *Rosales-Lopez v. United States*, 451 U.S. 182, 188, 101 S.Ct. 1629, 1634, 68 L.Ed.2d 22 (1981).

3. The Supreme Court has stated that "the trial court has a serious duty to determine the ques-

tion of actual bias ...." *Dennis v. United States*, 339 U.S. 162, 168, 70 S.Ct. 519, 521, 94 L.Ed. 734 (1950).

4. The peremptory challenge is "an important aspect of trial by jury." *Rosales-Lopez v. United States*, 451 U.S. 182 at 188, 101 S.Ct. 1629, at 1634, 68 L.Ed.2d 22 (1981). It is evident that the challenge for cause is also.

39 L.Ed. 1033 (1895), Fed.R.Civ.P. 47(a).[5] On appeal, we must review the actions of the district court under the abuse of discretion standard.[6] *Stephan v. Marlin Firearms Co.*, 353 F.2d 819 (2d Cir. 1965), *cert. denied*, 394 U.S. 959, 86 S.Ct. 1584, 16 L.Ed.2d 672 (1966); *see also Haslam v. United States*, 431 F.2d 362, 364 (9th Cir. 1970), *cert. denied*, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971).[7] "The exercise of this discretion, and restriction upon inquiries at the request of counsel, [are] subject to the essential demands of fairness." *Aldridge v. United States*, 283 U.S. 308, 310, 51 S.Ct. 470, 471, 75 L.Ed. 1054 (1931).

It is an abuse of discretion for the district court to refuse to probe the jury adequately for bias or prejudice about material matters on request of counsel. *United States v. Baldwin*, 607 F.2d 1295, 1297 (9th Cir. 1979). Thus, in determining the adequacy of the *voir dire*, we must consider whether the questions submitted by Darbin were important to the informed exercise of his right to challenge prospective jurors.

### III.

Darbin requested that the court ask the prospective jurors whether they would view the testimony of a law enforcement officer as inherently more credible than that of a lay witness. We have held that when important testimony is anticipated from government officials, and specifically law enforcement officers, the inquiry requested by Darbin must be made, if requested. *United States v. Baldwin*, 607 F.2d 1295, 1297 (9th Cir. 1979). Although *Baldwin* was a criminal case, the requirement that the requested inquiry be made is equally applicable here. In *Baldwin*, we also held that the failure to make such inquiry, when coupled with the failure to ask another required question, so limited the scope of *voir dire* and the defendant's ability to meaningfully exercise his right to challenge prospective jurors as to constitute reversible error. The same result is required here. Darbin brought a civil rights action against a law enforcement officer for alleged misconduct of the officer during the period Darbin was a prisoner. Most of Darbin's witnesses were prisoners, while most of the officer's witnesses were fellow law enforcement officers. If the jurors were to give undue weight to the testimony of law enforcement officers because of their offi-

---

**5.** Federal Rule of Civil Procedure 47(a), which sets forth the procedures for the examination of jurors in civil trials, provides that:

> The court may permit the parties or their attorneys to conduct the examination of the prospective jurors or may itself conduct the examination. In the latter event, the court shall permit the parties or their attorneys to supplement the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions of the parties or their attorneys as it deems proper.

**6.** Because we conclude in the present case that the trial court abused its discretion under Rule 47(a), we do not address the issue of when the impairment of the right to adequate *voir dire* rises to the level of a constitutional violation. We note, however, that the Supreme Court has held that the failure to conduct adequate *voir dire* in a criminal case may under some circumstances be constitutional error. *E. g., Ham v. South Carolina*, 409 U.S. 524, 527, 93 S.Ct. 848, 850, 35 L.Ed.2d 46 (1973). Cf. *Rosales-Lopez v. United States*, 451 U.S. 188, 101 S.Ct. at 1634.

**7.** While it is clear that the trial court's conduct of *voir dire* in criminal cases is subject to the abuse of discretion standard on appeal, this circuit has not expressly held that the same standard governs when reviewing the conduct of civil *voir dire*. However, other circuits have applied the abuse of discretion standard when reviewing the trial court's actions in civil *voir dire*. *See Stephan v. Marlin Firearms Co.*, 353 F.2d 819 (2d Cir. 1965), *cert. denied*, 384 U.S. 959, 86 S.Ct. 1584, 16 L.Ed.2d 672 (1966), and *Fietzer v. Ford Motor Co.*, 622 F.2d 281 (7th Cir. 1980). In *Fietzer*, the court noted the similarity between the rule governing *voir dire* in criminal cases, Rule 24(a), and the rule governing *voir dire* in civil cases, Rule 47(a), and applied the abuse of discretion standard by relying on criminal case law precedent. *Id.* at 284–85 & n.3. We also conclude that the abuse of discretion standard is the proper measure of the trial court's actions in civil *voir dire*. This circuit has consistently applied that standard in criminal cases, *see, e. g., United States v. Baldwin*, 607 F.2d 1295 (9th Cir. 1979); *Haslam v. United States*, 431 F.2d 362 (9th Cir. 1970), *cert. denied*, 402 F.2d 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971), and in light of the discretion vested in the trial court to conduct civil *voir dire*, it is appropriate to apply the same standard to civil cases.

cial positions, the jurors would be precluded from properly weighing and evaluating the facts relating to the central issue in the case. The type of inquiry proposed by counsel was therefore necessary in order to probe for bias associated with the identity and relationship of the parties and the nature of the controversy. Without such an inquiry, the *voir dire* did not adequately probe the prospective jurors for bias or partiality and Darbin was deprived of the informed exercise of his right to challenge prospective jurors. Under the circumstances here involved, the refusal to inquire on *voir dire* into the favorable bias jurors might accord the testimony of law enforcement officers constitutes an abuse of discretion, and a violation of the provisions of Fed.R.Civ.P. 47(a) regarding supplemental examination.

■ There is an additional reason that we are required to reverse in this case. Several individuals informed the court that they were related to law enforcement officers. The existence of family relationships between prospective jurors and law enforcement officers was sufficient in itself to require that those jurors be questioned regarding the weight they would give the testimony of law enforcement officers.[8]

■ The failure to make the inquiry requested by Darbin was not cured by the remainder of the *voir dire*. Except for the inquiry into family relationships, most of the jurors were not asked any question which would help elicit bias in favor of law enforcement officers or their testimony. The trial court did ask some additional questions of the prospective jurors who stated that they were related to law enforcement officers. However, the court simply invited some of those individuals to make an express denial of bias resulting from their relationships. While a negative response to the trial court's inquiry precluded counsel from challenging those jurors for cause, the inquiry was not adequate to permit the informed exercise of peremptory challenges.[9]

We need not decide whether the trial court's failure to probe the prospective jurors' attitudes toward the rights of prisoners constitutes reversible error, nor whether

---

8. Ordinarily, we would review the record to determine whether the refusal to make the inquiry here involved constitutes reversible error. In some cases, the determination may turn on a number of factors, including the part which the testimony of law enforcement officers plays in the case as a whole and the importance of the issue of the credibility of the officer's testimony. *United States v. Baldwin*, 607 F.2d 1295, 1298 (9th Cir. 1979). We note that while *Baldwin* sets forth the general rule, the *Baldwin* court did not find it necessary to examine the record, but instead concluded that the failure to ask two questions so severely limited the scope of the *voir dire* as to require reversal. *Id.*

In the present case, neither party designated the trial transcript as part of the record on appeal. Nourse argues that, absent the transcript, it is impossible to determine whether reversible error was committed. We have the authority to order that the record be supplemented and the transcript provided to us if it is necessary to our decision. Fed.R.App.P. 10(e). In this case, however, there is no need to supplement the record in order to determine the issue before us.

Darbin informed the trial judge that most of Nourse's prospective witnesses were law enforcement officers, and it is fair to presume, from the very nature of the lawsuit, that the testimony of Nourse and the other law enforcement witnesses was critical to the outcome of the proceeding. Under these circumstances, we need not supplement the record in order to assess the legal significance of the failure to make the requested inquiry.

9. A general inquiry concerning a juror's ability to try a case on the evidence presented at trial and the law provided by the court should, at least theoretically, serve to identify any bias that might preclude the juror from making an impartial decision. However, as a practical matter, such general inquiries are inadequate to alert the parties or the jurors themselves to potential sources of bias. If such a general question were adequate to identify prejudice, *voir dire* examination would, as a matter of course, be quite brief. A single, all-encompassing and conclusory question would be sufficient. *See Rosales-Lopez v. United States*, 451 U.S. at 203 n.8, 101 S.Ct. at 1641 n.8 (Stevens, J., dissenting):

[A]lthough trial judges have broad discretion to formulate *voir dire* questions, the general question whether there was any reason "why you could not sit in this case as a fair and impartial juror," . . . is not an adequate substitute for a specific inquiry; if it were, trial judges might be well advised simply to ask that question and nothing else.

the *voir dire* was too perfunctory in general. However, we call the trial court's attention, should the case be tried again, to the need to conduct sufficient *voir dire* to allow the informed exercise of peremptory challenges as well as challenges for cause.

The judgment of the district court is reversed and the case remanded for further proceedings consistent with this opinion.

KENNEDY, Circuit Judge, concurring specially:

I concur in the entirety of Judge Reinhardt's opinion and make the following, additional comment.

Were a juror to announce that most law officers, by reason of their profession and their oath, are trustworthy and honest but that similar respect cannot be accorded to prisoners, I should be gratified, not shocked. Those principles are consistent with responsible citizenship and are not a ground to challenge the juror for cause. Disclosure of such views, however, may be grounds for further *voir dire*, depending on the issues in the case and the prospective witnesses. *Voir dire* explores whether a juror, despite the logical force of such beliefs, will subject testimony to critical scrutiny and isolate what does not have the ring of truth, or what should appear suspect under any of the myriad tests used to determine credibility. Even jurors with preconceived notions about the outcome of the case can sit if they can render a fair and objective judgment based on the evidence. *Irvin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1963).

CHOY, Circuit Judge, concurs in KENNEDY, Circuit Judge's special concurrence.