**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0638n.06
Filed: August 30, 2007

**Nos. 06-1514, 06-1515**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **JOEL WESLEY LAIRD and MICHAEL WRIGHT**, | ) | **O P I N I O N** |
| | ) | |
| | ) | |
| *Defendants-Appellants*. | ) | |

**BEFORE:    KEITH, MOORE, COLE, Circuit Judges.**

**R. GUY COLE, JR., Circuit Judge**.    Joel Wesley Laird and Michael D. Wright (collectively "the defendants"), federal prisoners who are represented by counsel, appeal their convictions on various drug and firearm charges.  The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case.  Fed. R. App. P. 34(a).  Because the district court abused its discretion in conducting voir dire, we **VACATE** Laird and Wright's convictions.

**I.**

Laird and Wright were both indicted and tried together on November 18, 2005.  A jury convicted Laird of possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c).  Wright

was convicted of possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and being in possession of a firearm in the furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Laird was sentenced to 130 months' imprisonment and Wright was sentenced to 420 months' imprisonment.

On appeal, Laird and Wright argue that the district court erred in refusing during voir dire to examine prospective jurors as to whether anyone in their families had been victimized by drugs. Laird also argues that there was insufficient evidence to support his convictions. Wright contends that the district court committed reversible error when it failed to comply with Rule 32 of the Federal Rules of Criminal Procedure, and when it failed to address his objections to his Guidelines range of imprisonment. Because we vacate Laird and Wright's convictions based on the district court's abuse of discretion during voir dire, we do not address the defendants' other arguments.

**II.**

Rule 24 of the Federal Rules of Criminal Procedure, which governs voir dire in criminal trials, reads as follows:

(a) Examination.

(1) In General. The court may examine prospective jurors or may permit the attorneys for the parties to do so.

(2) Court Examination. If the court examines the jurors, it must permit the attorneys for the parties to:
(A) ask further questions that the court considers proper; or
(B) submit further questions that the court may ask if it considers them proper.

Fed. R. Crim. P. 24(a). A trial judge who, under Rule 24, decides to examine prospective jurors himself "must at the very least solicit questions from both parties' attorneys . . . ," but the trial judge "is by no means required to ask these question[s] unless he deems them 'proper' or otherwise helpful to the voir dire process." *United States v. Sheldon*, 223 F. App'x 478, 481 (6th Cir. 2007) (citing *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981)). Indeed, the Supreme Court in *Rosales-Lopez* explained that "[b]ecause the obligation to empanel an impartial jury lies in the first instance with the trial judge, and because he must rely largely on his immediate perceptions, federal judges have been accorded ample discretion in determining how best to conduct the voir dire." 451 U.S. at 189; *accord United States v. Stone*, 218 F. App'x 425, 429 (6th Cir. 2007) ("Rule 24 'invests wide discretion in trial judges in determining the questions to be asked of veniremen . . . .'") (quoting *United States v. Blount*, 479 F.2d 650, 651 (6th Cir. 1973)). Thus, we have explained that "[t]he primary purpose of the voir dire of jurors is to make possible the empanelling of an impartial jury through questions that permit the intelligent exercise of challenges by counsel." *Blount*, 479 F.2d at 651.

"In reviewing the district court's voir dire in this case, we must determine whether the court 'abused the broad discretion vested in [it] by the rulings of the Supreme Court of the United States in [its] impaneling of [the] jury,' remaining mindful of the fact that a district court 'retains great latitude in deciding what questions should be asked on voir dire.'" *United States v. Middleton*, 246 F.3d 825, 834 (6th Cir. 2001) (alterations in original and internal citations omitted). Reversal is warranted if the defendant did not receive a fair trial. *Id.* at 835.

We have explained that "[v]oir dire plays a critical function in assuring the criminal

- 3 -

defendant that his Sixth Amendment right to an impartial jury will be honored." *Sheldon*, 223 F. App'x at 480. As early as 1895, the Supreme Court in *Connors v. United States*, 158 U.S. 408, 413 (1895), explained that an adequate voir dire is essential to ensure that prospective jurors will be free of bias or prejudice and will perform their duties impartially. Despite this, the district court has broad discretion in conducting voir dire, *id.*, and we have previously explained that "[j]udges need not use every question submitted by counsel; they need only use those to which an anticipated response would afford the basis for a challenge for cause." *United States v. Fish*, 928 F.2d 185, 186 (6th Cir. 1991).

>        During voir dire, the district court posed the following question to the jury:

>        Let me just tell you what the charge is. Again, the charge is only the formal way of telling somebody what they're charged with. It's not by any means any evidence against them, nor is it any presumption. A presumption is just the opposite that they're not guilty.
>        In this particular matter, Mr. Laird is charged with possession with intent to distribute cocaine and also being a felon in possession of a firearm. Also being in possession of a firearm in furtherance of a drug trafficking crime.
>        Mr. Wright is charged with possession with intent to distribute cocaine, being a felon in possession of a firearm and possessing a firearm in furtherance of a drug trafficking crime.
>        *Knowing nothing else about this case and understanding that both defendants are presumed innocent, anybody have anything in their background or anything of that nature that would not allow them to sit on this kind of a case? Anybody has been charged with such a crime themselves or anything of that nature.*

(JA 82-83 (emphasis added).) No juror gave an affirmative response. Following voir dire, Laird's attorney asked the district court, "Your Honor, are you going to allow us to voir dire? I would like to know if anyone in their families have been victims of drugs." (JA 99.) To which the district court

responded, "I asked them that."[1] (*Id.*) Laird now argues that the district court's failure to specifically inquire about the potential biases of the prospective jurors regarding narcotic-related crimes was an abuse of discretion. We agree.

We find the Ninth Circuit's decision in *Darbin v. Nourse*, 664 F.2d 1109 (9th Cir. 1981), instructive. Floyd Darbin brought a civil-rights suit against George Nourse, his former jailer and County Sheriff, alleging that while he was in an Idaho prison, Nourse assaulted him, battered him, and withheld his mail and visitation rights. *Id.* at 1111. During voir dire, Darbin's attorney asked the court to "probe prospective jurors' attitudes toward police officers and their testimony and the right of inmates to sue their jailers." *Id.* at 1111. Darbin argued that most individuals "subconsciously believe that police officers are more credible witnesses than other persons," and are biased against prisoners. *Id.* Darbin explained that most of his witnesses were inmates, whereas most of Nourse's witnesses were police officers. *Id.* The district court asked the prospective jurors "whether they had had any problems with law enforcement officers or prejudice against them, or any prejudice because 'somebody may have been incarcerated in a jail.'" *Id.* at 1112. The court, despite Darbin's request, "did not ask the prospective jurors whether they were more likely to believe the testimony of a law enforcement officer simply because of his official position, nor did he ask the prospective jurors as a group any further questions designed to elicit bias in favor of law enforcement

---

[1]The Government does not argue that the defendants failed to object to the district court's refusal to specifically inquire about the prospective jurors' family history of drugs. If the defendants had in fact failed to object, we would review the forfeited objection for plain error. *See* Fed. R. Crim. P. 52(b). Because the Government does not raise this argument, however, we deem the issue waived. *See Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 852 (6th Cir. 2007).

officers or their testimony." *Id.*

On appeal, Darbin argued "that the trial judge abused his discretion by failing to probe adequately the prospective jurors' attitudes toward law enforcement officers and the rights of prison inmates." *Id.* The Ninth Circuit agreed. The court began by noting the role voir dire plays in ensuring that each defendant receives a fair trial: "The principal purpose of voir dire is to probe each prospective juror's state of mind to enable the trial judge to determine actual bias and to allow counsel to assess suspected bias or prejudice." *Id.* at 1113. In addressing why the district court's questions to the jury did not adequately probe the juror's potential biases, the court stated:

> Questions which merely invite an express admission or denial of prejudice are, of course, a necessary part of voir dire because they may elicit responses which will allow the parties to challenge the jurors for cause. However, such general inquiries often fail to reveal relationships or interests of the jurors which may cause unconscious or unacknowledged bias. For this reason, a more probing inquiring is usually necessary. *In some lawsuits the nature of the case itself suggests that a more specific inquiry is required with respect to particular matters.* The nature of the controversy or the relationship and identity of the parties may involve matters on which a number of citizens may be expected to have biases or strong inclinations.

*Id.* (emphasis added). The court made clear that, despite the district court's discretion in conducting voir dire, "[i]f an inquiry requested by counsel is directed toward an important aspect of the litigation about which members of the public may be expected to have strong feelings or prejudices, the court should adequately inquire into the subject on voir dire." *Id.*

Similarly, here, the district court's question was too general to elicit responses from the prospective jurors which would indicate a potential bias against individuals charged with a drug offense. Laird and Wright were both charged with possession of cocaine base with intent to distribute. Because of society's prevailing drug problem, and the impact drugs can have on a family,

it would not be uncommon to find individuals who are prejudiced against those involved in drug crimes. Questions such as the one asked by the district court here are too vague to alert a potential juror, who is likely a legal novice, that the questioner is inquiring about their biases or prejudices. For that reason, the district court should have conducted a more probing inquiry into the prospective jurors state of mind as it relates to drug-related offenses. Because the court failed to do so, we conclude that it abused its discretion.

## III.

For the reasons discussed above, we **VACATE** Laird and Wright's convictions.