NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2011[*]
Decided March 31, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1567

| | |
|---|---|
| PHAROAH V. MORRIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 05-C-458 |
| | |
| THOMAS CORE, et al., | William C. Griesbach, |
| *Defendants-Appellees.* | *Judge*. |

**O R D E R**

Pharoah Morris, a state prisoner in Wisconsin, filed a civil rights suit under 42 U.S.C
§ 1983, alleging that employees of the Wisconsin Department of Corrections violated his
constitutional rights. In an earlier appeal, we ordered a trial on two counts: the conditions-
of-confinement claim and the failure-to-protect claim. On remand, when the district court
held the final pretrial conference, Morris orally moved for appointment of substitute
counsel, for a continuance, and to strike certain depositions. The district court denied these
motions and conducted a three-day trial. The jury found for the defendants on all counts.

---

[*]After examining the appellant's brief and the record, we have concluded that oral
argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See*
FED. R. APP. P. 34(a)(2)(C). Also, we have modified the caption to reflect the defendants-
appellees who remain in the case.

After trial, Morris asked the district court for leave to proceed on appeal in forma pauperis. The district court denied the motion, concluding that the appeal was frivolous and, in light of the court's belief that Morris fabricated evidence at trial, not taken in good faith. The district court acknowledged in its ruling, and warned Morris, that the absence of a transcript would "make thorough appellate review of the entire case impossible." Morris appealed, paying the docketing fees himself, but he never ordered a transcript of the pretrial conference or asked us for permission to order one at government expense.

On appeal Morris argues that the district court erred by denying the three oral motions he made during the pretrial conference. Morris also insists that the court erred at the conference by not appointing an expert witness, although the government disputes that Morris requested one during the pretrial conference. Morris does not challenge the district court's denial of leave to appeal in forma pauperis.

As an appellant, Morris must ensure that the appellate record includes the items necessary for meaningful review, including a transcript of proceedings relevant to the district court's rulings. FED. R. APP. P 10(b)(2). Morris tells us that all of the motions that he challenges were made and ruled on orally at the pretrial conference, but we have no written record of those motions or the court's reasons, presumably expressed during that conference, for denying them. The minute entry reflects that only the district court denied three of Morris's four motions; it does not detail how or why the court exercised its discretion as it did.

Without the transcript of the pretrial conference, it is impossible for us to evaluate the district court's rulings on three of Morris's motions; we also cannot determine whether Morris even made a motion to appoint an expert witness. *See RK Co. v. See*, 622 F.3d 846, 853 (7th Cir. 2010); *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 731 n.10 (7th Cir. 2003); *see also Droste v. Julien*, 477 F.3d 1030, 1035 (8th Cir. 2007); *Local Union No. 38, Sheet Metal Workers' Int'l Ass'n, v. Pelella*, 350 F.3d 73, 87 (2d Cir. 2003). We could order Morris to supplement the record, *see* FED. R. APP. P. 10(e); *Learning Curve Toys, Inc.*, 342 F.3d at 731 n.10; *LaFollette v. Savage*, 63 F.3d 540, 545 (7th Cir. 1995), *Darbin v. Nourse*, 664 F.2d 1109, 1115 (9th Cir. 1981). But we decline to exercise that authority in this case because the district court, in its unchallenged ruling denying leave to appeal in forma pauperis, and the appellees, in their brief on appeal, already warned Morris that the consequence of failing to secure the transcript would be a doomed appeal. His failure to heed these warnings and take appropriate measures to secure the transcripts warrants that we dismiss the appeal. *See RK Co.*, 622 F.3d at 853; *Learning Curve Toys, Inc.*, 342 F.3d at 731 n. 10; *LaFollette*, 63 F.3d at 545.

DISMISSED.