**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVE ROMERO,

              Petitioner - Appellant,

   v.

A.M. GONZALES,

              Respondent - Appellee.

No. 13-56436

D.C. No. 5:10-cv-00462-SVW-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted October 20, 2015
Pasadena, California

Before: RAWLINSON and NGUYEN, Circuit Judges and BOULWARE,[**] District
Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Richard F. Boulware, District Judge for the U.S.
District Court for the District of Nevada, sitting by designation.

Petitioner Steve Romero appeals the dismissal of his petition for writ of habeas corpus. This court has jurisdiction under 28 U.S.C. §§ 1291 and 2253.

The court finds that the state court's summary dismissal of Romero's habeas petition with citations to *In re Swain*, 34 Cal. 2d 300, 304 (1949) and *People v. Duvall*, 9 Cal. 4th 464, 474 (1995) does not clearly reflect an adjudication on the merits. *See Cross v. Sisto*, 676 F.3d 1172, 1177 (9th Cir. 2012). Therefore, we review the petition *de novo* and affirm in part and remand in part. *See Cone v. Bell*, 556 U.S. 449, 472 (2009).

1. The district court properly denied Romero's claim that the trial court erred in failing to dismiss a biased juror *sua sponte*. In California, a trial court judge does not have an independent, affirmative duty to excuse prospective jurors for cause. *People v. Bolin*, 18 Cal. 4th 297, 315-16 (1998). Further, the Supreme Court has held that deference is owed when reviewing a trial judge's determination of juror bias. *See Uttecht v. Brown*, 551 U.S. 1, 9 (2007). In this case, the trial record is clear that while the trial judge acknowledged the juror's statements indicating bias, the judge declined to dismiss the juror in part because of Romero's counsel's expressed tactical decision to retain the juror.

2. The court remands the district court's denial of Romero's ineffective assistance of counsel claim against his trial counsel as the record is incomplete on

this issue. A trial counsel's failure to strike a prospective juror who repeatedly expresses his inability to serve as an impartial juror during *voir dire* could represent deficient performance and prejudice under *Strickland*. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Darbin v. Nourse*, 664 F.2d 1109, 1113 (9th Cir. 1981). The court therefore remands for the district court to determine whether evidentiary proceedings are warranted to address Romero's claim of ineffective assistance of trial counsel. *See Schriro v. Landrigan*, 550 U.S. 465, 468, 473 (2007).

3. The district court properly denied Romero's ineffective assistance of counsel claim against his appellate counsel for failure to bring an ineffective assistance of counsel claim on direct appeal. *See Pollard v. White*, 119 F.3d 1430, 1435-37 (9th Cir. 1997) (interpreting *Strickland*). Romero's appellate counsel did not have sufficient evidence in the record to support a claim that Romero's trial counsel was ineffective for failure to seek the exclusion of a potentially biased juror. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011). Trial counsel had expressed a tactical reason for retaining the juror and the trial record provided no further information regarding this decision. Romero therefore fails to demonstrate appellate counsel's performance was deficient, and that but for appellate counsel's failure to raise the omitted claim, there is a reasonable

probability that the petitioner would have prevailed on appeal. *Strickland*, 466 U.S. at 687.

Each party shall bear its own costs.

**AFFIRMED in part and REMANDED in part.**