**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1956 |
| *Plaintiff - Appellee*, | D.C. No. 3:21-cr-05385-BHS-1 |
| v. | |
| JOSEPH ANTHONY TURREY, | ORDER AND OPINION |
| *Defendant - Appellant*. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted March 28, 2025[*]
Seattle, Washington

Filed April 30, 2025

Before: M. Margaret McKeown, Ronald M. Gould, and
John B. Owens, Circuit Judges.

Order;
Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

# SUMMARY**

## Criminal Law

Granting the government's request to publish an unpublished Memorandum disposition affirming Joseph Anthony Turrey's conviction on multiple counts of sexual abuse in Indian Country, the panel redesignated the Memorandum disposition filed April 1, 2025, as a *per curiam* Opinion.

In the Opinion, the panel held:

1. To the extent that admission of a minor victim's full videotaped interviews was error, Turrey waived this claim by inviting error when he asked the district court to admit the interviews in full under Fed. R. Evid. 106 and did not object each time an interview video was admitted.

2. To the extent that continuing *voir dire* after a prospective juror made prejudicial statements was error, Turrey also waived this claim by inviting error, where Turrey's counsel caused the alleged error, did not object after the prejudicial statements were made, did not ask the district court to take remedial action, and did not ask for relief in his post-trial motions; and where the record shows that

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Turrey knew he was relinquishing the right to ask for corrective action.

## COUNSEL

Kristine L. Foerster and Jonas B. Lerman, Assistant United States Attorneys; Teal L. Miller, First Assistant United States Attorney; Tessa M. Gorman, United States Attorney; Office of the United States Attorney, United States Department of Justice, Seattle, Washington; for Plaintiff-Appellee.

Randy P. Baker, Randy Baker Attorney at Law, Seattle, Washington, for Defendant-Appellant.

## ORDER

The request to publish the unpublished Memorandum disposition (Dkt. No. 62) is **GRANTED**. The Memorandum disposition filed April 1, 2025 is redesignated as an Opinion by a *per curiam* filed together with this order. The petition for panel rehearing and for rehearing *en banc* filed on April 8, 2025 will be addressed in due course. No further petitions for panel rehearing or rehearing *en banc* may be filed.

## OPINION

PER CURIAM:

Joseph Anthony Turrey appeals his jury conviction on multiple counts of sexual abuse in Indian Country. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. "The doctrine of invited error prevents a defendant from complaining of an error that was his own fault." *United States v. Magdaleno*, 43 F.4th 1215, 1219 (9th Cir. 2022) (citation omitted). "If a defendant has both (1) invited the error and (2) relinquished a known right, then the alleged error is considered waived." *Id.* at 1219–20 (cleaned up). A defendant invites error when he "induces or causes the error." *Id.* at 1220 (cleaned up). When evaluating whether a defendant intentionally relinquished a known right, we look for "evidence in the record that the defendant was aware of, *i.e.,* knew of, the relinquished or abandoned right." *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (*en banc*).

2. Turrey contends that testifying Minor Victim 2's ("MV2") prior forensic interviews were inadmissible under the Federal Rules of Evidence ("FRE"). To the extent admission of the full videotaped interviews was an error, however, Turrey waived this claim by inviting error. *See Magdaleno*, 43 F.4th at 1220. Although Turrey initially contended in a motion *in limine* that MV2's videotaped interviews were not admissible under FRE 801(d)(1)(B), Turrey changed course in a subsequent hearing and asked the district court to admit her interviews in full under FRE 106. By asking the district court to admit MV2's full interviews, Turrey caused the error he now alleges. *See id.*

Because Turrey did not object each time an interview video was admitted at trial, Turrey relinquished his known right to object to the evidence. *See id*. The record shows that Turrey knew he was relinquishing this right, *see Perez*, 116 F.3d at 845, because Turrey's counsel said, "I have not objected to a great deal of hearsay evidence. That is just a strategic choice . . . I would like the whole interview[s]."

3. Turrey also contends for the first time on appeal that his right to an impartial jury was violated because the district court continued *voir dire* after prejudicial statements made by Prospective Juror No. 41.[1] To the extent continuing *voir dire* was error, however, Turrey also waived this claim by inviting error. *See Magdaleno*, 43 F.4th at 1220.

A defendant causes error when the statement complained about "was elicited by the defendant's own attorney." *See United States v. Reyes-Alvarado*, 963 F.2d 1184, 1187 (9th Cir. 1992). In *Reyes-Alvarado*, counsel thought a "line of questioning might benefit his client" but those "tactics backfired, and his client was convicted." *Id.* We held that counsel cannot on appeal complain of error because that was invited error. *Id*.

Here, Turrey's counsel caused the alleged error by asking if "the nature of the charges make it hard to give Mr. Turrey the presumption of innocence," eliciting the statements from Prospective Juror No. 41, and then continuing to question Prospective Juror No. 41 after his

---

[1] Specifically, Turrey contends that "[t]he court did nothing to remedy these prejudicial remarks and defendant was convicted by jurors, who were present when these remarks were made."

prejudicial statements.[2] *See id.* Instead of objecting after the prejudicial statements, Turrey's counsel continued asking Prospective Juror No. 41 questions, including whether he "will need physical evidence of some kind." Turrey's counsel thought this "line of questioning might benefit his client" because Turrey's defense relied on the absence of incriminating physical evidence. *See id.* Although his counsel's tactics backfired and the jury convicted him, Turrey cannot now complain of error because that was invited error. *See id.*

By not objecting or asking the district court to take remedial action, Turrey relinquished his known right to stop *voir dire* or ask for other corrective action. *See Magdaleno*, 43 F.4th at 1220. If Turrey's counsel had made an immediate objection after Prospective Juror No. 41's statements and asked for corrective action, the district court could have given curative instructions or redone *voir dire*. Instead, Turrey's counsel used Prospective Juror No. 41's statements to ask the venire "about the comments that were just made" and specifically asked one prospective juror about the presumption of innocence "[g]iven what [Prospective Juror No. 41] has said." Because Turrey's counsel relied on the statements made by Prospective Juror No. 41 in subsequent questions to the venire, Turrey cannot now contend that the district court erred in continuing *voir*

---

[2] Although "[t]he principal purpose of voir dire is to probe each prospective juror's state of mind to enable the trial judge to determine actual bias and to allow counsel to assess suspected bias or prejudice," *see Darbin v. Nourse*, 664 F.2d 1109, 1113 (9th Cir. 1981), Turrey's counsel caused the error here by continuing to question the juror in the presence of the venire after the prejudicial statements were elicited instead of objecting or asking the court to take remedial action.

*dire* after Prospective Juror No. 41's statements. *See Reyes-Alvarado*, 963 F.2d at 1187.

Turrey further relinquished his known right to ask for other corrective action by not asking the district court for relief in his post-trial motions. *See Magdaleno*, 43 F.4th at 1220. Turrey did not ask for a new trial or acquittal based on any alleged jury-selection error. And the record shows that Turrey knew he was relinquishing this right, *see Perez*, 116 F.3d at 845, because his counsel later noted at Turrey's sentencing that "[p]erhaps it would have been the best course for defense counsel to request a mistrial" after "one of the jurors on the panel [3] got up and made some very inflammatory remarks."

4. Because Turrey invited both errors he complains about here, we hold that Turrey waived his claims. *See Magdaleno*, 43 F.4th at 1219–20.

**AFFIRMED**

---

[3] Turrey's counsel misstated the record here because Prospective Juror No. 41 was never seated on the jury; he was stricken for cause and excused.