**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUN 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>REMBRANDT CARLOS KEMP,<br><br>　　　　Defendant - Appellant. | No. 24-782<br><br>D.C. No.<br>4:22-cr-00086-BMM-2<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted May 22, 2025[**]
Seattle, Washington

Before: GOULD, TALLMAN, and CHRISTEN, Circuit Judges.

Defendant, Rembrandt Carlos Kemp, contends that the district court erred in

the *voir dire* process by not allowing him to question the jury pool and by passing

Prospective Juror 29 without further questioning. We review challenges to the

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's actions in the *voir dire* process for abuse of discretion. *United States v. Anekwu*, 695 F.3d 967, 978 (9th Cir. 2012). "If the defendant does not contemporaneously object, we review the alleged misconduct for plain error." *United States v. Dominguez-Caicedo*, 40 F.4th 938, 948 (9th Cir. 2022). Because Kemp raised only a general objection to the judicial process itself, we review the case for plain error, and we affirm. *See* Fed. R. Crim. P. 51(b).

1. Although Kemp contends that the district court erred by failing to give him the opportunity to examine the prospective jurors during *voir dire*, the record demonstrates that the district court gave Kemp numerous opportunities to ask questions during *voir dire* and that Kemp waived his right to do so. *See United States v. Olano*, 507 U.S. 725, 733 (1993); *United States v. Turrey*, 135 F.4th 1183, 1185 (9th Cir. 2025). Here, Kemp was informed of his right to examine the jury by the district court. The court also informed Kemp of his right to have an attorney examine the jury on his behalf. Despite being informed of his rights, Kemp declined to ask any questions of the prospective jurors or to allow his stand-by counsel to question the prospective jurors on his behalf. A defendant's waiver of a right is not the court's error, and so we affirm. *See Olano*, 507 U.S. at 732-33.

2. Kemp also contends that the district court erred by failing to strike Prospective Juror 29 for cause. Because Kemp did not raise this objection during trial, we review the claim for plain error. *Dominguez-Caicedo*, 40 F.4th at 948.

24-782

Although Kemp now alleges that Prospective Juror 29 was biased and that the court should have struck her for cause or asked further questions during *voir dire*, Prospective Juror 29 said during the hearing that she could put her personal feelings aside, follow the instructions of the court, and decide the case on the evidence. Because Juror 29's answers did not demonstrate "evidence of partiality . . . so indicative of impermissible juror bias that the court was obligated to strike" the juror, plain error is not present in this case. *United States v. Mitchell*, 568 F.3d 1147, 1151 (9th Cir. 2009). Additionally, Prospective Juror 29 was not empaneled, so no miscarriage of justice occurred. *See Ross v. Oklahoma*, 487 U.S. 81, 86 (1988); *United States v. Lindsey*, 634 F.3d 541, 554 (9th Cir. 2011).

**AFFIRMED.**