NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 4 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ERICK PELAYO,<br><br>Defendant-Appellant. | No. 24-7123<br><br>D.C. No.<br>3:20-cr-01686-GPC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted December 2, 2025[**]
Pasadena, California

Before: GOULD, BADE, and LEE, Circuit Judges.

Erick Pelayo appeals the district court's imposition of an 18-month sentence

for violating the terms of his supervised release. We have jurisdiction under 8 U.S.C.

§ 1291 and we affirm the sentence.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

After Pelayo pleaded guilty to one count of alien smuggling in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), he was sentenced to time served and 3 years of supervised release by the District Court for the Southern District of California. Just over two years later, Pelayo was again arrested for the same crime. Then while Pelayo was in custody, he was indicted for an attempt to obtain contraband in prison and aiding and abetting in violation of 18 U.S.C. §§ 2, 1791(a)(2), b(3). He pleaded guilty to both counts. Pelayo was eventually sentenced for each, but in the interim, appeared before the district court for a separate revocation of supervised release and sentencing hearing.

At sentencing, Pelayo admitted that his violations qualified as Grade A violations under the U.S. Sentencing Guidelines. Pelayo also presented several mitigation arguments to the district court, including testimony that Pelayo had suffered abuse while in the juvenile detention system and was involved in a lawsuit against the facility. Pelayo now argues his crimes qualified as the lesser grade of Grade B, and that the district court errantly considered the higher grade's sentencing maximum before calculating Pelayo's 18-month sentence.

When the defendant, as here, fails to object at sentencing that the district court made a procedural error when applying the § 3553(a) sentencing factors, we review the sentence for plain error. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). "Plain error is (1) error, (2) that is plain, and (3) that affects

substantial rights." *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009) (internal quotations and citation omitted).

1.  As a threshold issue, we conclude that the invited error doctrine does not apply here. When a defendant (1) induces or causes an error, and (2) the record supports the idea that the defendant knew of or intentionally relinquished the right, we consider the defendant's arguments about the error waived for purposes of appeal. *See United States v. Turrey*, 135 F.4th 1183, 1185 (9th Cir. 2025).

It is true that defense counsel told the district court Pelayo understood his violations to be Grade A. But there is insufficient evidence in the record to show, as the government contends, that this concession was any more than a mistake on the part of defense counsel. The record does not show that it was intentional gamesmanship aimed at persuading the district court to avoid considering Pelayo's state-court allegations as grounds for revoking supervised release. We hold that Pelayo forfeited, not waived, this issue and thus we may review his sentence for plain error. *See United States v. Depue*, 912 F.3d 1227, 1234 (9th Cir. 2019).

2.  On the merits, Pelayo fails to establish that he is entitled to a new sentencing hearing because any error did not amount to a substantial violation of his rights under a plain error analysis. As Pelayo concedes in briefing, even if his violations were calculated as Grade B violations, Pelayo's Guidelines range for his revocation would have been between 21 and 27 months. The district court varied

downwards in imposing a sentence of 18 months—lower than the minimum for both Grade A and Grade B violations. Pelayo points to little in the record to show that the district court, had it characterized the violations as Grade B, would have imposed a lesser sentence. Pelayo simply states that there was a "possibility" that the district court would have done so, but several points in the record suggest the district court's sentence would have remained the same.

First, the district court began its sentencing analysis from an assumption that the guideline calculation from probation was "more like 30, 31 months"—a calculation close in length to the maximum for the Grade B range.

Second, the district court proceeded from the assumption that the statutory maximum for Pelayo's violation was 24 months—a factor that does not change regardless of whether the district court assumed the violation was Grade A.

Third, the district court sentenced Pelayo just six months shy of the statutory maximum, which is also three months less than the Grade B range's minimum. In explaining its rationale for this sentence, the district court explicitly highlighted Pelayo's "breach of trust" of the court by re-offending after the court had granted Pelayo a significant downward variance at his first sentencing. Given Pelayo's breach of trust, "disregard for the laws," and choice to re-engage with the "very type of criminal activity that led to his [first] conviction," the district court found an 18-month sentence to be a duration "no greater than necessary" to satisfy the § 3553(a)

sentencing factors.

In sum, Pelayo has not shown plain error because he has not sufficiently shown that the district court's assumption about the grade of his violations was a substantial violation of his rights.

3.    Likewise, the district court did not plainly err when it did not expressly discuss at sentencing Pelayo's alleged suffering of sexual abuse in juvenile detention.   Though his experience within the criminal justice system may be a relevant portion of his history and characteristics under the § 3553(a) factors, the district court listened to Pelayo's claims, thanked Pelayo for the testimony, then proceeded to explain why Pelayo's conduct (the new offenses, original leniency Pelayo received at his first sentencing, and his breach of the court's trust) necessitated sanctions in the form of his 18-month sentence.  When the district court, as here, sets forth a reasoned basis for its sentence, the district court had no other obligation to expressly address and resolve Pelayo's mitigation argument.  *See United States v. Perez-Perez*, 512 F.3d 514, 516-17 (9th Cir. 2008).

**AFFIRMED**.