NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JERMAINE EGGLESTON,

    Defendant - Appellant.

No. 23-2360

D.C. No.
2:20-cr-00434-DSF-1

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted December 1, 2025
Pasadena, California

Before: CALLAHAN, OWENS, and KOH, Circuit Judges.

Jermaine Eggleston appeals from his conviction for possession with intent to

distribute three kilograms of a substance containing fentanyl in violation of 21

U.S.C. § 841(a)(1), (b)(1)(A)(vi). As the parties are familiar with the facts, we do

not recount them here. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The district court did not abuse its discretion by giving a willful blindness jury instruction. The government presented ample evidence for a jury to rationally find that Eggleston was willfully blind to the presence of drugs in the bag he was transporting. *See United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (en banc). It is irrelevant that the government primarily pursued an actual knowledge theory rather than a willful blindness theory at trial. *See United States v. Walter-Eze*, 869 F.3d 891, 909 (9th Cir. 2017).

2. Eggleston claims multiple violations of his Fifth Amendment privilege against self-incrimination. There was no reversible error. The privilege against self-incrimination prohibits the government from commenting at trial on a defendant's *post-arrest* silence. *United States v. Whitehead*, 200 F.3d 634, 638-39 (9th Cir. 2000). Many of the comments that Eggleston cites were not Fifth Amendment violations because a jury would not have interpreted them as referring to his post-arrest silence. *See United States v. Beckman*, 298 F.3d 788, 795 (9th Cir. 2002) ("The use of a defendant's pre-arrest, pre-Miranda silence is permissible as impeachment evidence and as evidence of substantive guilt."). And although it is less clear whether a few of the statements referred to Eggleston's pre-arrest or post-arrest silence, any error in allowing those statements was not "clear or obvious" and in any event did not affect the outcome of the proceedings. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

23-2360

Comments made by Detective Michael Woodard during cross-examination likely referred impermissibly to Eggleston's post-arrest silence, but these comments were knowingly elicited by Eggleston's defense counsel over the government's warnings. "If a defendant has both (1) invited the error and (2) relinquished a known right, then the alleged error is considered waived." *United States v. Turrey*, 135 F.4th 1183, 1185 (9th Cir. 2025) (citation omitted). Eggleston waived objection to these statements under the doctrine of invited error. *See United States v. Reyes-Alvarado*, 963 F.2d 1184, 1187 (9th Cir. 1992) (holding defendant whose attorney elicited a statement on cross-examination could not later claim error based on the admission of that statement).

3. The district court did not give a jury instruction which improperly precluded Eggleston's third-party culpability defense or violated his Fifth and Sixth Amendment right to present a defense. Based on the evidence presented at trial, the instruction correctly informed the jury, consistent with Ninth Circuit guidance regarding absent codefendants, that the possible guilt of a third party was "no defense." *See* 9th Cir. Model Crim. Jury Instr. 2.15; *United States v. Miguel*, 338 F.3d 995, 1001 (9th Cir. 2003) ("A district court certainly retains the power to preclude closing arguments on defense theories that are not supported by the evidence."). Eggleston is unable to cite any precedent challenging the validity of the instruction, and the district court did not err by giving it.

23-2360

4. The government's expert witness, Detective Woodard, did not plainly violate Federal Rule of Evidence 704(b). "In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). While testifying about the meaning of a text message found on Eggleston's phone, Detective Woodard did not "clear[ly] or obvious[ly]" state an opinion about whether Eggleston knew he was transporting drugs. *Puckett*, 556 U.S. at 135. In addition, the text message alone was highly probative of knowledge, and the government presented ample other evidence of Eggleston's knowledge. Any error would not have affected the outcome of the proceedings. *See id.*

5. It was not plain error for the district court to admit expert testimony from Agent Paris about the role of drug couriers within drug trafficking organizations and the common practices of drug couriers. That testimony was probative of knowledge and not unfairly prejudicial under Federal Rule of Evidence 403. *See, e.g.*, *United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1072 (9th Cir. 2011) (testimony about the practices of drug trafficking organizations was relevant); *United States v. Murillo*, 255 F.3d 1169, 1177 (9th Cir. 2001) (testimony about the modus operandi of drug couriers "went right to the heart of [defendant's] defense that he was simply an unknowing courier"), *overruled on other grounds by*

*Muehler v. Mena*, 544 U.S. 93 (2005). It was therefore properly admitted.

6. There was no cumulative error warranting reversal. The government's case was strong, the evidence against Eggleston was substantial, and he was not prejudiced. *Cf. United States v. Cazares*, 788 F.3d 956, 990 (9th Cir. 2015).

7. Finally, Eggleston's motion for a new trial was properly dismissed as untimely under Federal Rule of Criminal Procedure 33(b)(2). This court sees no reason to remand to the district court to address the motion on the merits.

**AFFIRMED.**