**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* v. JOHNNY MAGDALENO, AKA Soldier Boy, *Defendant-Appellant.* | No. 20-10390 D.C. Nos. 5:18-cr-00466-BLF-1 5:18-cr-00466-BLF OPINION |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted April 12, 2022
San Francisco, California

Filed August 11, 2022

Before: Richard R. Clifton and Milan D. Smith, Jr., Circuit
Judges, and Christina Reiss,* District Judge.

Opinion by Judge Clifton

---

*The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

**SUMMARY**[**]

---

**Criminal Law**

The panel affirmed the district court's imposition of a special condition of supervised release set forth in the parties' plea agreement that prohibits Johnny Magdaleno, a high-ranking member of the East Las Casitas *Norteño* street gang, from associating with any member of the *Norteño* or *Nuestra Familia* gangs, in a case in which Magdaleno, while incarcerated, orchestrated and directly participated in violent assaults against gang members who had violated the rules of *Nuestra Familia*, a prison gang to which *Norteño* members pledge loyalty.

On appeal, Magdaleno argued that this condition violates his fundamental right to familial association because it does not exclude his siblings who might be gang members.

The panel declined the Government's invitation to dismiss Magdaleno's appeal based on the invited error doctrine. The panel wrote that the record does not suggest that Magdaleno either caused the alleged error intentionally or abandoned a known right. The panel therefore treated the right as forfeited, as opposed to waived, and reviewed the district court's decision to impose the gang condition for plain error.

Magdaleno argued that the district court plainly erred by failing to comply with the enhanced procedural requirements that apply when a court imposes restrictions on a defendant's

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

familial associations.   The panel wrote that Magdaleno's relationship with a sibling or half sibling does not inherently constitute an "intimate relationship" with a "life partner," child, or fiancée, and thus does not give rise to a "particularly significant liberty interest" that would require the district court to undertake additional procedural steps at sentencing.

The panel rejected Magdaleno's contention that the condition is substantively unreasonable.   The panel explained that given Magdaleno's history of coordinating and executing violent gang attacks, a prohibition on gang association does not constitute an unreasonable deprivation of liberty.

---

## COUNSEL

Gail Ivens (argued), Monterey, California, for Defendant-Appellant.

Claudia A. Quiroz (argued), Assistant United States Attorney; Matthew M. Yelovich, Chief, Appellate Section, Criminal Division; Stephanie M. Hinds, Acting United States Attorney; United States Attorney's Office, San Francisco, California; for Plaintiff-Appellee.

**OPINION**

CLIFTON, Circuit Judge:

While incarcerated at Monterey County Jail, Johnny Magdaleno, a high-ranking member of the East Las Casitas *Norteño* street gang, orchestrated and directly participated in multiple violent assaults against gang members who had violated the rules of *Nuestra Familia*, a prison gang to which *Norteño* members pledge loyalty. He pleaded guilty to one count of racketeering conspiracy and was sentenced to 360 months in prison. At sentencing, the district court imposed a special condition of supervised release set forth in the parties' plea agreement that prohibited Magdaleno from associating with any member of the *Norteño* or *Nuestra Familia* gangs. On appeal, Magdaleno argues that this condition violates his fundamental right to familial association because it does not exclude his siblings who might be gang members.

We first decline the Government's invitation to dismiss Magdaleno's appeal based on the invited error doctrine. The record in this case does not suggest that Magdaleno either caused the alleged error or intentionally abandoned a known right.

We uphold the challenged condition, however. The district court did not commit procedural error in imposing the condition, for it was not required to follow the enhanced procedural steps that apply when a condition infringes upon a "particularly significant liberty interest." Nor is the condition substantively unreasonable. Given Magdaleno's history of coordinating and executing violent gang attacks, a prohibition on gang association does not constitute an unreasonable deprivation of liberty. We affirm.

## I.  Background

Magdaleno belongs to the East Las Casitas *Norteño* street gang, a criminal organization whose members pledge loyalty to and work closely with the *Nuestra Familia* prison gang.  Together, *Nuestra Familia* and *Norteño* members operate a criminal enterprise engaged in drug trafficking, murder, and other acts of violence.  Inside prisons and local jails, these gangs work together to promote discipline among their members, maintain organizational structure, and punish members who violate gang rules.

While incarcerated at Monterey County Jail, Magdaleno served as a high-ranking member of a *Norteño* group called *La Casa*.  In this capacity, Magdaleno orchestrated or directly participated in the so-called "removal" of seven gang members deemed to have violated the rules of *Nuestra Familia*.  A *Nuestra Familia* "removal" followed a standard formula: a "hitter" would stab the victim repeatedly, after which two or more "bombers" would physically assault the victim, thus giving the hitter time to clean himself, hide the weapon, and avoid capture.  In one such attack, Magdaleno, serving as the hitter, stabbed a victim in the chest and back over twenty times before the bombers swooped in and allowed Magdaleno to evade detection.  The goal of such removals, Magdaleno acknowledged, was to "inflict maximum physical damage to the victim."  In addition to coordinating and executing these removals, Magdaleno oversaw and actively participated in *Nuestra Familia*'s narcotics operation within Monterey County Jail.

The federal Government charged Magdaleno in September 2018 with racketeering conspiracy (Count One), conspiracy to commit murder in aid of racketeering (Count Two), and conspiracy to commit assault with a dangerous weapon in aid of racketeering (Count Three).  Magdaleno

pleaded guilty to Count One pursuant to a written plea agreement. The agreement, which Magdaleno signed, provided that the district court should impose a special condition of supervised release that prohibited him from "associat[ing] or hav[ing] contact with any known gang or gang member." In the agreement, Magdaleno also waived his right to appeal his conviction, "all orders of the Court," and "any aspect of [his] sentence," reserving only the right to claim that his sentence violated the plea agreement, applicable law, or the Constitution.[1]

At a change-of-plea hearing before sentencing, Magdaleno affirmed under oath that he understood the terms of his plea agreement, including the special condition prohibiting association with known gang members. The district court sentenced Magdaleno to 360 months of imprisonment on Count One and imposed the following special condition of supervised release (the "Gang Condition"):

> You must not knowingly participate in any gang activity. You must not associate with any member of the East Las Casitas *Norteño* gang or the *Nuestra Familia* gang, and must not wear the colors, clothing or insignia of

---

[1] As discussed in Part II, below at 7–10, the Government argues that Magdaleno's appeal should be dismissed under the invited error doctrine. It does not, however, argue that dismissal is required based on Magdaleno's appellate waiver, presumably because Magdaleno has framed his challenge as a constitutional claim, which is allowed under the waiver.

East Las Casitas *Norteño* gang or the *Nuestra Familia* gang.[2]

In imposing the Gang Condition, the district court indicated that it had considered "the circumstances and nature" of Magdaleno's crime, his admission that he was an active member of the *Norteño* gang and *Nuestra Familia* enterprise, and his admission that he was "the authority in charge at the Monterey Jail" and directly participated in multiple removals. Magdaleno did not object to the Gang Condition at sentencing. This appeal followed.

On appeal, Magdaleno argues that the Gang Condition is unconstitutionally overbroad because it fails to exclude his siblings or half siblings who might belong to the *Norteño* or *Nuestra Familia* gangs. He also argues that the district court failed to comply with certain procedural requirements when imposing the condition. The Government argues that we should dismiss Magdaleno's appeal under the invited error doctrine or, in the alternative, affirm the Gang Condition under plain error review.

## II. Invited Error

The Government argues that we should dismiss this appeal under the invited error doctrine, a position it continued to press at oral argument.[3]

"The doctrine of invited error prevents a defendant from complaining of an error that was his own fault." *United*

---

[2] The written judgment conformed to the oral pronouncement in all material respects.

[3] The Government later attempted to withdraw this argument nearly a week after oral argument in this case.

*States v. Myers*, 804 F.3d 1246, 1254 (9th Cir. 2015) (citation omitted). If a defendant has both (1) invited the error and (2) relinquished a known right, then the alleged error is considered "waived and therefore unreviewable." *Id.* (citation omitted). Here, the Government has not established that either requirement is met.

For purposes of the invited error doctrine, a defendant invites error when he "induce[s] or cause[s] the error." *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc). The paradigmatic example of inducing or causing error arises when "the defendant himself proposes allegedly flawed jury instructions[.]" *Id.* at 844 (gathering cases); *see also, e.g.*, *United States v. Hui Hsiung*, 778 F.3d 738, 747 (9th Cir. 2015) (explaining that such a scenario "falls squarely within the 'invited error' doctrine"). But we have also held that a defendant can invite error in other scenarios. For example, in *United States v. Reyes-Alvarado*, 963 F.2d 1184 (9th Cir. 1992), we held that the defendant invited error where his own attorney had elicited a statement on cross-examination that he later argued should have been excluded. *See id.* at 1186–87. We reached the same conclusion in *Johnson v. I.N.S.*, 971 F.2d 340 (9th Cir. 1992), where the defendant's attorney had offered into evidence the document he then sought to challenge on appeal as inadmissible hearsay. *See id.* at 343–44. And in *Myers*, we likewise held that a defendant had invited error when his attorney requested and participated in a settlement conference overseen by a magistrate judge, only to argue later that the judge's participation violated the Supreme Court's prohibition on judicial involvement in plea discussions. *See* 804 F.3d at 1254–55. In each case, the defendant himself introduced, or directly set in motion, the error of which he complained.

Here, however, there is no indication that Magdaleno introduced the alleged error in the Gang Condition. Although the Government repeatedly claims in its Answering Brief that Magdaleno "proposed" the Gang Condition, the only evidence it cites for this assertion is the provision from Magdaleno's plea agreement indicating that the district court should impose the Gang Condition. While this provision shows that Magdaleno agreed to the condition by signing the plea agreement, it does not suggest that Magdaleno himself proposed the condition or drafted the language. Indeed, when we raised this issue at oral argument, the Government conceded that Magdaleno "did not propose" the Gang Condition. We have never applied the invited error doctrine in a circumstance like this, and the Government has not given any compelling reason for doing so now.

Even if Magdaleno had caused the alleged error, the Government has not established the second prong of the invited error doctrine. In *Perez*, we clarified that the invited error doctrine applies only to "rights deemed waived, . . . that is, 'known right[s]' that have been 'intentional[ly] relinquish[ed] or abandon[ed].'" 116 F.3d at 842 (citation omitted) (alterations in original). Waiver is to be distinguished from forfeiture, which occurs when a defendant "fail[s] to make a timely assertion of a right" because he "is unaware of a right that is being violated." *Id.* at 845–46. Thus, to establish the second prong of the invited error doctrine, the Government must point to "evidence in the record that the defendant was aware of, *i.e.*, knew of, the relinquished or abandoned right." *Id.* at 845. In the context of a case involving flawed jury instructions, for example, there must be evidence that the defendant considered submitting the correct instruction to the court, "but then, for some tactical or other reason," decided to "propose[] or

accept[] a flawed instruction." *Id.* In this case, application of the doctrine would require evidence that Magdaleno knew about his supposed right to sibling association and considered proposing a modification to the Gang Condition that would exclude his siblings, but then, "for some tactical or other reason, rejected the idea." *See id.* But the Government has pointed to no such evidence, and we have found none in the record.

We therefore "must treat the right as forfeited, as opposed to waived." *Id.* at 846. Accordingly, we review the district court's decision to impose the Gang Condition for plain error under Federal Rule of Criminal Procedure 52(b). *Id.*

## III.    The Gang Condition

We undertake a two-part analysis when reviewing conditions of supervised release. *See United States v. Wolf Child*, 699 F.3d 1082, 1090–91 (9th Cir. 2012). First, we "determine whether the district court committed procedural error." *Id.* at 1090. Second, we "review the substantive reasonableness of the supervised release condition[], 'accounting for the totality of the circumstances presented to the district court.'" *Id.* (citation omitted). Where a defendant fails to object to a condition of supervised release at sentencing, as Magdaleno concedes was the case here, we review that condition for plain error. *United States v. Johnson*, 626 F.3d 1085, 1088–89 (9th Cir. 2010). We will reverse under this standard only if there is an "(1) error, (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 1088 (citation omitted).

Magdaleno raises both procedural and substantive challenges to the district court's imposition of the Gang Condition. With respect to procedure, he argues that the district court failed to comply with the "enhanced procedural requirement[s]" that apply when a court imposes restrictions on a defendant's familial associations. With respect to substance, he argues that the Gang Condition is "unconstitutionally overbroad because it does not exclude [his] family members."

## A. Alleged Procedural Error

Ordinarily, a district court need not state at sentencing its reasons for imposing each condition of supervised release, so long as its reasoning is apparent from the record. *United States v. Collins*, 684 F.3d 873, 890 (9th Cir. 2012) (citations omitted). There is an exception, however, for conditions that implicate a "particularly significant liberty interest." *United States v. Stoterau*, 524 F.3d 988, 1005 (9th Cir. 2008). Where such an interest is at stake, the district court "must follow additional procedures and make special findings." *Id.* In particular, the court

> must support its decision [to impose the condition] on the record with record evidence that the condition of supervised release sought to be imposed is necessary to accomplish one or more of the factors listed in [18 U.S.C.] § 3583(d)(1) and involves no greater deprivation of liberty than is reasonably necessary.

*Id.* (first alteration in original) (citation omitted). In addition, if a supervised release condition

> targets a defendant's right to associate with an intimate family member, the district court must "undertake an individualized review" on the record of the relationship between the defendant and the family member at issue to determine whether the restriction is necessary to accomplish the goals of deterrence, protection of the public, or rehabilitation.

*Wolf Child*, 699 F.3d at 1090 (citation omitted).

Magdaleno argues that because the Gang Condition would forbid association with any siblings or half siblings who are gang members, the district court was required to follow the enhanced procedural requirements outlined above, and that its failure to do so constitutes plain error. This argument fails at step one of the plain error analysis. There was no error. As we explain in Part III.B, below at 13–17, Magdaleno's relationship with a sibling or half sibling does not inherently constitute an "intimate relationship" akin to a relationship with a "life partner," child, or fiancée. *Cf. id.* at 1091, 1094–95; *United States v. Napulou*, 593 F.3d 1041, 1047 (9th Cir. 2010). Magdaleno has not presented evidence to establish that the relationship he has with any of his siblings reaches the same level. Accordingly, those relationships do not give rise to a "particularly significant liberty interest" that would require the district court to undertake additional procedural steps at sentencing. *See Wolf Child*, 699 F.3d at 1091. Because Magdaleno's procedural challenge fails at step one of plain error review, we need not reach the remaining steps in this analysis.

## B. Substantive Reasonableness

Magdaleno also challenges the substantive reasonableness of the Gang Condition, arguing that it is "unconstitutionally overbroad because it does not exclude family members[,]" specifically his siblings or half siblings. As with our review of procedural error, we review the substantive reasonableness of a supervised release condition not objected to below for plain error. *See, e.g.*, *United States v. LaCoste*, 821 F.3d 1187, 1190–92 (9th Cir. 2016).[4]

"District judges enjoy broad discretion in fashioning the conditions needed for successful supervision of a defendant, and we owe substantial deference to the choices they make." *Id.* at 1190. To that end, "a district court may impose special conditions of supervised release that are designed to prevent

---

[4] Magdaleno states that "[w]hether a supervised release condition violates the Constitution is reviewed *de novo*." This principle does not apply, however, when the defendant has failed to object to the condition. *See, e.g.*, *Johnson*, 626 F.3d at 1089–91 (reviewing an allegedly unconstitutional condition of supervised release for plain error where the defendant had failed to object to the condition in the proceedings below).

Although we held in *United States v. Autery*, 555 F.3d 864 (9th Cir. 2009), "that the substantive reasonableness of a sentence—whether objected to or not at sentencing—is reviewed for abuse of discretion[,]" that holding refers to the substantive reasonableness of a sentence's length (and, in particular, a district court's application of the Sentencing Guidelines). *See id.* at 871–78. Even after *Autery*, we have continued to apply the plain error standard when reviewing the substantive reasonableness of supervised release conditions not objected to at sentencing. *See, e.g.*, *LaCoste*, 821 F.3d at 1190–92; *United States v. Phillips*, 704 F.3d 754, 767–68 (9th Cir. 2012); *Johnson*, 626 F.3d at 1089–91; *see also United States v. Blinkinsop*, 606 F.3d 1110, 1116, 1118–19 (9th Cir. 2010) (citing *Autery* when reviewing the district court's application of the Sentencing Guidelines for abuse of discretion but reviewing supervised release condition for plain error).

a defendant's reversion into a former crime-inducing lifestyle, or bar affiliation with former associates." *Johnson*, 626 F.3d at 1090. But even in light of district courts' broad discretion to impose conditions of supervised release, "restrictions infringing upon fundamental rights are 'reviewed carefully[.]'" *United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007) (citation omitted). As relevant here,

> [a] restriction on a defendant's right to free association is invalid unless it: (1) is reasonably related to the goals of deterrence, protection of the public, and/or defendant rehabilitation; (2) involves no greater deprivation of liberty than is reasonably necessary to achieve these goals; and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a).

*Johnson*, 626 F.3d at 1090 (citation and internal quotation marks omitted). Magdaleno does not dispute that the Gang Condition meets the first and third criteria; his sole argument, rather, is that the condition "involves an unnecessary deprivation of liberty" because it fails to exclude his siblings from its reach.

Magdaleno's argument rests on the premise, articulated in *Wolf Child*, that defendants have a "fundamental right to familial association." 699 F.3d at 1092. In relying on *Wolf Child*, though, Magdaleno overlooks significant factual distinctions between that case and ours. The condition of supervised release in *Wolf Child* prohibited the defendant from associating with his own children and fiancée. *Id.* at 1091, 1094. We concluded that these "intimate" familial relationships implicate a particularly significant liberty

interest, *see id.* at 1091–95, just as we had held earlier in *Napulou* that one's relationship with a "life partner" implicates such an interest, *see* 593 F.3d at 1047. In view of the heightened scrutiny that applies to a condition infringing upon those interests, we held that the condition was substantively unreasonable, particularly as there was no record evidence to suggest that the defendant (who had pleaded guilty to attempted sexual abuse) posed a threat to his own minor children or fiancée. *Wolf Child*, 699 F.3d at 1096–97.

Magdaleno's reliance on *Wolf Child* is therefore misplaced. *Wolf Child* does not create a "particularly significant liberty interest" in all familial relationships. Our conclusion and analysis in *Wolf Child* are necessarily limited to the kind of intimate familial relationships implicated in that case. Although we do not rule out the possibility that a sibling relationship could, under certain circumstances, give rise to a particularly significant liberty interest, Magdaleno offers no evidence to suggest that any of his sibling relationships is comparable, in its level of support and intimacy, to a relationship with one's child, "life partner," or fiancée. Furthermore, Magdaleno's scheduled release date is more than two decades away. His familial circumstances could change significantly in that time. Thus, while Magdaleno can move to modify the Gang Condition closer to his release date if the circumstances warrant, it would be inappropriate for us to do so now when he has cited no evidence to show the existence of an intimate familial relationship to begin with.

Magdaleno also invokes our decision in *Johnson*, noting that the supervised release condition in that case excluded family members from its prohibition on association with known gang members. *See* 626 F.3d at 1090. That may be

so, but our analysis and conclusion in *Johnson* did not even address that aspect of the condition; we were instead focused on whether two other provisions of the condition survived constitutional scrutiny. *See id.* at 1090–91. We certainly did not suggest, let alone hold, that such an exception is required.

More fundamentally, Magdaleno erroneously assumes that any infringement on a defendant's right to familial association is automatically invalid. But we explicitly rejected such a rule in *Wolf Child*. *See* 699 F.3d at 1099. Our holding in that case, we explained, did not "imply a per se rule that a supervised release condition may not infringe on a defendant's fundamental right to familial association." *Id.* Rather, "[i]f the record before the district court demonstrates the need for such infringement[,] . . . such a condition may be appropriate." *Id.* Here, because Magdaleno's sibling relationships did not give rise to a particularly significant liberty interest, the district court did not have the high burden of undertaking an individualized review to determine whether the condition was necessary to the goals of deterrence, protection of the public, or defendant rehabilitation. *See Johnson*, 626 F.3d at 1090. If, as he suggests, Magdaleno's siblings are fellow gang members, there could be good reason to forbid his association with them so as to prevent his "reversion into a former crime-inducing lifestyle[.]" *Id.* As discussed, Magdaleno was not a bit player in the *Nuestra Familia* and *Norteño* criminal enterprise. Rather, he played a substantial role in carrying out the organizations' violent objectives at Monterey County Jail. Under these circumstances, a prohibition on gang association—even one that includes Magdaleno's gang-member siblings—could be well justified.

For these reasons, the Gang Condition does not involve a greater deprivation of liberty than is reasonably necessary to achieve the goals of deterrence, protection of the public, and/or defendant rehabilitation. *See id.* Thus, the condition is substantively reasonable, and the district court did not err in imposing it. As with Magdaleno's procedural challenge, we need not reach the remaining prongs of the plain error analysis.

## IV.    Conclusion

Because Magdaleno neither caused the alleged error in the Gang Condition nor intentionally relinquished a known right, we decline to dismiss his appeal under the invited error doctrine. We conclude, however, that the district court did not commit procedural or substantive error in imposing the Gang Condition.

**AFFIRMED**.