NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10115 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:19-cr-00010-MMD-CSD-3 |
| JEFFREY BOWEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted February 7, 2023
San Francisco, California

Before: BYBEE and BUMATAY, Circuit Judges, and BENNETT,[**] Senior
District Judge. Partial Dissent by Judge BYBEE.

Defendant-Appellant Jeffrey Bowen appeals his conviction for conspiracy to

defraud the United States, in violation of 18 U.S.C. § 371. Bowen was the owner

and operator of J&L Distributing, Inc. ("J&L"), a distributor of Kirby-brand vacuum

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard D. Bennett, United States Senior District Judge
for the District of Maryland, sitting by designation.

cleaners. At trial, the government established that Bowen conspired with his two co-defendants, Saul Alessa and Jackie Hayes, to conceal Alessa's income from the IRS by employing him at J&L from 2010 to 2013 and reporting his income on Hayes' IRS Forms 1099. Bowen received a nominal prison sentence, and the three co-defendants were held jointly and severally liable for $502,398.23 in restitution—accounting for Alessa's entire tax debt and associated penalties dating back to 1998. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and vacate in part. Specifically, we affirm Bowen's conviction, we vacate the restitution award, and we remand for a recalculation of the proper amount of restitution.

**Motion for Judgment of Acquittal:** This court reviews the denial of a Rule 29 motion for judgment of acquittal based on insufficiency of the evidence de novo, and will affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Sineneng-Smith*, 982 F.3d 766, 776 (9th Cir. 2020) (quoting *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010)) (emphasis in original). Conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, has three essential elements: "[(1)] An agreement to achieve an unlawful objective, [(2)] an overt act in furtherance of the illegal purpose, [(3)] and the requisite intent to defraud the United States." *United States v. Tuohey*, 867 F.2d 534, 537 (9th Cir. 1989). Bowen argues that the evidence adduced at trial cannot sustain a finding of intent, reiterating his trial testimony that Alessa was an

independent contractor of Hayes, and Hayes was an independent contractor of J&L. However, several witnesses testified that Alessa was working at J&L, that Bowen instructed them to conceal this fact on the company's contracts, books, and records, and that Bowen manufactured the independent contractor relationship to conceal Alessa's income. Accordingly, there is ample evidence by which a rational trier of fact could conclude that Bowen acted willfully.

**Impeachment Evidence:** We review a district court's decision to exclude impeachment evidence for an abuse of discretion. *United States v. Geston*, 299 F.3d 1130, 1137 (9th Cir. 2002). On cross-examination, Jackie Hayes claimed that her former attorney, Richard Molezzo, failed to convey a plea offer by the Government. Bowen moved to compel Molezzo to testify to establish that this assertion was false, and the district court denied his motion. This ruling was not an abuse of discretion. Whether Hayes lied about this plea offer is a strictly collateral matter—it is generally irrelevant to the conspiracy at issue and the critical question of Bowen's scienter. Fed. R. Evid. 608(b).[1] Additionally, Molezzo's testimony was properly excluded under Rule 403, as it posed a substantial risk of "confusing the issues" or "misleading

---

[1] Although Rule 608(b) does not apply to evidence offered on a theory of impeachment by contradiction, this exception is ordinarily confined to statements offered on direct examination. *See United States v. Kincaid-Chauncey*, 556 F.3d 923, 932–33 (9th Cir. 2009), *abrogated on other grounds by Skilling v. United States*, 561 U.S. 358 (2010). Even if we were to apply this exception in this appeal, the district court's Rule 403 analysis provides an independent basis to affirm.

the jury." Fed. R. Evid. 403. Moreover, it was entirely cumulative, as five additional witnesses testified regarding Hayes' character for dishonesty.[2]

**Expert Testimony:** We review the exclusion of expert testimony for an abuse of discretion. *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1023 (9th Cir. 2022). Bowen claims that the district court improperly limited the testimony of his financial expert, Jeffrey Dean Smith, who testified regarding the tax implications of an independent contractor relationship. However, the record reflects that the district court allowed Smith to testify, and that the expert expressed all of the opinions that Bowen claims were improperly excluded. While the court required Smith to qualify his testimony with the phrase "if the jury concludes," Bowen cites no authority for the proposition that this caveat is error, much less that it is prejudicial. *United States v. Seschillie*, 310 F.3d 1208, 1214–15 (9th Cir. 2002); *accord* Fed. R. Crim. P. 52(a). Additionally, as defense counsel proposed this limitation, Bowen's challenge to this issue is waived under the doctrine of invited error. *United States v. Magdaleno*, 43 F.4th 1215, 1219–20 (9th Cir. 2022).

**Restitution Award:** We review the district court's restitution order for abuse of discretion, and we review the underlying factual findings for clear error. *United*

---

[2] Bowen's claim that this ruling deprived him of "a meaningful opportunity to present a complete defense" is meritless. *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (citation omitted). Whether Molezzo informed Hayes of a plea offer was far from "the defendant's main defense . . . to a critical element of the government's case." *United States v. Evans*, 728 F.3d 953, 967 (9th Cir. 2013).

*States v. Batson*, 608 F.3d 630, 632–33 (9th Cir. 2010). In a criminal case, a district court may only order restitution "for actual losses caused by the defendant's criminal conduct." *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 926 (9th Cir. 2001); *see* 18 U.S.C. § 3664(a). Actual losses must be calculated "by comparing what actually happened with what would have happened if the defendant had acted lawfully." *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1164 (9th Cir. 2010).

The district court held the co-defendants liable for $502,398.23 in restitution, encompassing Alessa's entire tax debt and associated penalties from 1998 to 2013. This was an abuse of discretion. Although "the court can order restitution for . . . any conduct that was part of the conspiracy," *United States v. Reed*, 80 F.3d 1419, 1423 (9th Cir. 1996), the co-defendants were convicted of conspiring to conceal Alessa's income between 2010 and 2013. The parties dispute the precise total of Alessa's earnings during this timeframe, but their estimates range from $170,000.00 to $200,000.00. Whatever the exact total Alessa earned during the conspiracy years, this amount constitutes the "actual losses" attributable to the conspiracy, *Gamma Tech Indus., Inc.*, 265 F.3d at 926, and the maximum amount that the IRS could have garnished had the conspiracy not occurred, *Fu Sheng Kuo*, 620 F.3d at 1164.

The dissent argues that this amount only accounts for the defendant's ability to pay and does not properly reflect the government's "actual losses." *Gamma Tech Indus., Inc.*, 265 F.3d at 926. We respectfully disagree. As discussed above, actual

5

losses are calculated "by comparing what actually happened with what would have happened if the defendant had acted lawfully." *Fu Sheng Kuo*, 620 F.3d at 1164. Additionally, as this Court has previously noted, "loss for restitution purposes covers only actual loss," and not "intended loss." *United States v. Hunter*, 618 F.3d 1062, 1065 (9th Cir. 2010). Accordingly, the government's "actual losses" are limited to the amount it could have actually collected had the conspiracy not occurred, not the amount the conspirators "intended" to conceal. Whatever the object and purpose of the conspiracy may be, the record reflects that the conspirators concealed Alessa's income when he returned to work at J&L between 2010 to 2013.[3]

For the foregoing reasons, we **VACATE** the restitution award and **REMAND** for recalculation. On remand, the district court is instructed to recalculate this award based on the exact amount of income Alessa received during the conspiracy years.

**AFFIRMED** in part, **VACATED** in part, **REMANDED.**

---

[3] We likewise respectfully disagree with the dissent's argument that we have misstated the scope of the conspiracy. We agree that the indictment and judgment listed March 31, 2014, as the end of the conspiracy, but the government's "actual losses" are limited to the total income concealed by the three co-conspirators. The record indicates that Bowen only concealed Alessa's income until November 2013, when Bowen enrolled Alessa as a W-2 employee and began to report his earnings, and the government acknowledged that the conspiracy extended into 2014 only because Bowen submitted an IRS Form 1099 that year reporting Alessa's 2013 commissions in Hayes' name. However, we make no formal findings regarding the precise dates of the conspiracy or the exact amount that was concealed.

*United States v. Bowen*, No. 22-10115

BYBEE, J., dissenting in part:

I agree with the majority that we should affirm the judgment of the district court regarding the motion for judgment of acquittal, impeachment evidence, and expert testimony. I disagree, however, with the panel's assessment of Bowen's restitution award.

To calculate restitution, we look at the position the victim would have been in had the defendant acted lawfully. *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1164 (9th Cir. 2010). However, in conspiracy cases, a co-conspirator's liability expands to include "any conduct that was part of the conspiracy." *United States v. Reed*, 80 F.3d 1419, 1423 (9th Cir. 1996). The limiting factor is the victim's actual losses, *United States v. Bussell,* 504 F.3d 956, 964 (9th Cir. 2007), not the defendant's ability to pay, *United States v. Kubick*, 205 F.3d 1117, 1128 (9th Cir. 1999) (18 U.S.C. § 3663A(f)(1)(A) requires restitution without regard of the defendant's economic circumstances). Further, "we have held that restitution orders can include losses caused by related conduct for which the defendant was not convicted." *United States v. Meredith*, 685 F.3d 814, 827 (9th Cir. 2012).

Here, the majority makes two errors. First, it limits actual loss to "the maximum amount the government could have *garnished* had the conspiracy not occurred," Mem. Dispo. at 5 (emphasis added), instead of the government's *actual*

*losses*. This calculation is just another way of saying that the IRS is limited to collecting what Alessa could have paid during the time of the conspiracy. Our precedent sets no such limit on calculating restitution.

The majority also limits the conspiracy's scope contrary to evidence in the record. The majority states that "co-defendants were convicted of conspiring to conceal Alessa's income between 2010 and 2013." Mem. Dispo. at 5. But the indictment charged Bowen, Hayes, and Alessa from "before 2010" to "about March 2014." The indictment also charged all three defendants with concealing Alessa's business activity in order to convince the IRS that he had "no source of income that could be used to pay . . . outstanding taxes, penalties, and interest due and owing." Thus, the object of their conspiracy was to prevent the collection of Alessa's *entire* tax debt, penalties, and interest. Accordingly, the court described the purpose of the conspiracy as "to avoid . . . outstanding tax liabilities."

With the correct legal framework in mind, the government's actual losses in this case total $502,298.23, comprising Alessa's total unpaid taxes, penalties, and interest. The district court correctly found that Bowen jointly and severally liable for the entire restitution award. *See Meredith*, 685 F.3d at 827.

2

For these reasons, I would affirm the district court's calculation of restitution, and I respectfully dissent from the majority's disposition regarding restitution.