FILED

MAR 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10238 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-02147-RCC-EJM-1 |
| v. | District of Arizona |
| JOSHUA LEE ANDREW MERRITT, | |
| Defendant-Appellant, | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Judge Raner C. Collins, District Judge, Presiding

Argued and Submitted March 11, 2024
San Francisco, California

Before: S.R. THOMAS, McKEOWN, and CHRISTEN, Circuit Judges.

Joshua Merritt appeals the district court's imposition of two special

conditions of supervised release as part of the sentence imposed following his jury

conviction for distribution and possession of child pornography. Because the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

parties are familiar with the factual and procedural history of the case, we do not recount it here.

Our jurisdiction is governed by 28 U.S.C. § 1291. Where, as is the case here, a defendant fails to object to a condition of supervised release at sentencing, review is for plain error. *United States v. Magdaleno*, 43 F.4th 1215, 1221 (9th Cir. 2022). To establish plain error, the defendant must demonstrate "(1) error, (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id*. (citation omitted). We affirm the district court's imposition of Special Conditions 11 and 12.

## I

Merritt argues that Special Condition 12, which forbids any contact with minors absent his own children, was implemented without following the necessary procedural safeguards and was substantively unreasonable. When reviewing conditions of supervised release, we examine (1) whether the district court committed procedural error and (2) whether the condition is substantively reasonable, accounting for the totality of the circumstances. *Magdaleno*, 43 F.4th at 1221 (citation omitted).

First, the district court did not commit a procedural error by imposing Special Condition 12. If a condition affects a defendant's right to associate with an intimate family member, "the district court must 'undertake an individualized review' on the record between the defendant and the family member at issue to determine whether the restriction is necessary to accomplish the goals of deterrence, protection of the public, or rehabilitation." *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (quoting *United States v. Napulou*, F.3d 1041, 1047 (9th Cir. 2010)).

Merritt argues that his relationship with his nieces is an intimate familial relationship that required individualized review. However, we have not recognized a defendant's relationship with his siblings as implicating a "particularly significant liberty interest," let alone one's nieces or nephews. *See Magdaleno*, 43 F.4th at 1222. Thus, the district court did not commit a procedural error by implementing Special Condition 12 without an individualized review of Merritt's relationship with his nieces.

Second, the district court did not plainly err as a matter of substantive law when it imposed the condition. "District judges enjoy broad discretion in fashioning the conditions needed for successful supervision of a defendant, and we owe substantial deference to the choices they make." *United States v. LaCoste*,

3

821 F.3d 1187, 1190 (9th Cir. 2016). "Special conditions are permissible, provided that 'they are reasonably related to the goal[s] of deterrence, protection of the public, or rehabilitation of the offender, and involve no greater deprivation of liberty than is reasonably necessary for the purpose of supervised release.'" *United States v. Blinkinsop*, 606 F.3d 1110, 1119 (9th Cir. 2010) (quoting *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003)).

Special Condition 12 imposes an absolute ban on Merritt's contact with minors. In the context of child pornography offenses, we have only addressed conditions that limit, rather than prohibit, a defendant's contact with minors. *See, e.g., United States v. Apodaca*, 641 F.3d 1077, 1084-85 (9th Cir. 2011) (upholding a condition of release that allowed a defendant convicted of possessing child pornography to have contact with children in the presence of their duly notified parent or legal guardian); *see also United States v. Stoterau*, 524 F.3d 988, 1008 (9th Cir. 2008) (upholding a nearly identical condition). Thus, although those cases may be read to imply that an absolute ban would be unreasonable, we have not squarely addressed that issue. Because "[a]n error cannot be plain where there is no controlling authority on point," we cannot conclude that the imposition of Special Condition 12 was plain error. *United States v. Gnirke*, 775 F.3d 1155, 1164 (9th Cir. 2015) (citation omitted).

4

That being said, Merritt can pursue a modification of Special Condition 12 by the district court pursuant to 18 U.S.C. § 3583(e)(2). Any overbreadth in the condition can be then addressed by the district court in the first instance.

II

The district court did not plainly err by imposing Special Condition 11, which limits Merritt's access to computers, because it is not unconstitutionally vague. "A condition of supervised release violates due process 'if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" *United States v. Evans*, 883 F.3d 1154, 1160 (9th Cir. 2018) (quoting *United States v. Hugs*, 384 F.3d 762, 768 (9th Cir. 2004)).

Merritt argues that Special Condition 11 does not contain limiting language that ameliorates the concerns addressed in *United States v. Wells*, 29 F.4th 580 (9th Cir. 2022). However, Special Condition 11 explicitly states that it applies to computers "with access to any on-line computer service." Thus, a plain reading of Special Condition 11 shows that it only applies to devices that Merritt can use to access the internet and Special Condition 11 does not violate the Fifth Amendment.

The United States has suggested that we issue a limited remand so that the district court can modify this condition to conform with the District of Arizona's revised standard conditions, and Merritt has agreed with this request. However, absent plain error, and in light of the fact that the parties can pursue a modification of Special Condition 12 by the district court pursuant to 18 U.S.C. § 3583(e)(2), we decline to vacate the district court's imposition of this condition and remand. The parties can pursue modification by other means.

**AFFIRMED.**