**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 31 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10017 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00045-DGC-1 |
| v. | |
| CARLOS DEVON LEWIS, AKA Carlos Lewis, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10018 |
| Plaintiff-Appellee, | D.C. No. 2:05-cr-00755-DGC-1 |
| v. | |
| CARLOS DEVON LEWIS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted July 15, 2024**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: M. SMITH, BENNETT, and JOHNSTONE, Circuit Judges.

Carlos Lewis was sentenced to 300 months' imprisonment for three armed bank robberies after the district court concluded that Lewis qualified as a career offender. Lewis waived his right to counsel after several hearings conducted pursuant to *Faretta v. California*, 422 U.S. 806 (1975), and after Lewis stated at several status conferences that he wished to represent himself. On appeal, Lewis argues that the district court's *Faretta* hearings were deficient, the district court erroneously determined Lewis was a career offender under U.S.S.G. § 4B1.1, and the district court imposed an unconstitutional condition of supervised release which delegated judicial power to a nonjudicial actor.

"We review the validity of a *Faretta* waiver, a mixed question of law and fact, de novo." *United States v. Erskine*, 355 F.3d 1161, 1166 (9th Cir. 2004). We affirm the validity of Lewis's waiver of his Sixth Amendment rights.

When "a district court's sentencing of a defendant within the framework of an incorrect Guidelines range goes unnoticed," plain error review applies.[1] *Rosales-*

---

[1] Before the district court, Lewis asked, "The career offender points enhancement. What makes me a career offender?" Even if this question could be read as a specific objection to the career offender designation and not as a clarifying question, we would reach the same conclusion under de novo review. *See United States v. Mitchell*, 624 F.3d 1023, 1026 (9th Cir. 2010) (applying de novo review to a career offender designation where defendant objected to the career offender determination before the district court).

*Mireles v. United States*, 585 U.S. 129, 134 (2018) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 193–94 (2016)). Plain error review also applies when a condition for supervised release is not objected to before the district court. *United States v. Magdaleno*, 43 F.4th 1215, 1219, 1221 (9th Cir. 2022). The government agrees with Lewis that remand is appropriate both because the district court erred in concluding Lewis was a career offender under the Guidelines and because the supervised release condition needs to be clarified. We agree, and we remand to the district court for resentencing and to clarify the supervised release condition.

1. Lewis's waiver of his Sixth Amendment right to counsel was made knowingly and after many robust *Faretta* hearings. "Although the district court need not follow a particular script when conducting a *Faretta* hearing, it must ensure that the defendant 'understands 1) the nature of the charges against him, 2) the possible penalties, and 3) the dangers and disadvantages of self-representation.'"[2] *United*

---

[2] Lewis does not argue that the district court failed to warn him of the dangers of self-representation. He argues the district court "primarily" erred by failing to inform him "of the potential statutory maximum penalty that [he] faced." But Lewis also notes in passing that "there were other defects . . . including the district court's failure to ensure that [he] understood the elements of 18 U.S.C. § 2113(d)." Even if we take Lewis's brief as claiming that he was not apprised of the nature of the charges against him, we summarily reject that argument, because the district court specifically informed Lewis as to the nature of each charge, including that the indictment alleged (1) that Lewis robbed a bank; (2) "by force, violence, and intimidation"; (3) that the bank held deposits that were federally insured, "which is a requirement for federal jurisdiction in a case like this"; and (4) that "in the commission of the offense [Lewis] assaulted a person and put in jeopardy the life of

*States v. Hantzis*, 625 F.3d 575, 579–80 (9th Cir. 2010) (quoting *Erskine*, 355 F.3d at 1167). "[A] defendant's waiver must be evaluated in light of the record as a whole." *United States v. Gerritsen*, 571 F.3d 1001, 1008 (9th Cir. 2009).

Lewis was aware of the potential penalties he faced if found guilty on the three armed bank robbery charges. At an October 23, 2020 hearing on one of the robbery charges, the government, at the direction of the court, informed Lewis that he was "charged with one count of armed bank robbery. The maximum penalty is 25 years imprisonment." When he was arraigned on the superseding indictment less than one month later, Lewis waived a reading of the superseding indictment, and his counsel represented that he believed Lewis understood the indictment, which charged Lewis with two additional counts of the same offense, each with the same maximum penalty previously explained to him. This demonstrates Lewis understood the maximum penalties he faced.

Further, at a September 1, 2021 hearing, which occurred after Lewis's waiver but before his bench trial,[3] the government informed the court that "Lewis was

_____

a person using a handgun," all in alleged violation of 18 U.S.C. § 2113(a) and (d). Those are the elements required to prove armed bank robbery under § 2113(d). *United States v. Odom*, 329 F.3d 1032, 1035 (9th Cir. 2003) (quoting 18 U.S.C. § 2113(d)). When asked whether he understood the nature of the charges against him, Lewis answered affirmatively: "Yes. Okay. I got that understanding on that."

[3] The government correctly notes that post-waiver statements may only be evaluated "insofar as such statements bear on the specific question of what [the defendant] understood at the time he purportedly waived his right to counsel." *Erskine*, 355 F.3d at 1170.

4

extended a plea offer previously, in February of 2021 while he was still represented." The government explained that "[t]he proposed resolution would have allowed him to plead guilty to one count of bank robbery, armed bank robbery, Count 3. As the Court is aware, Mr. Lewis is aware, he's charged with three counts." The government continued: "Lewis should be aware, the maximum penalty upon conviction for each count of bank robbery is 25 years imprisonment." Lewis confirmed that he had received, understood, and rejected the plea deal. This further supports that Lewis understood the maximum penalties he faced before he waived the right to be represented by counsel.

2. The district court erred in finding Lewis qualified as a career offender under U.S.S.G. § 4B1.1 due to two prior convictions that the district court concluded qualified as crimes of violence as defined in U.S.S.G. § 4B1.2. The "[f]ailure to calculate the correct Guidelines range constitutes procedural error." *Peugh v. United States*, 569 U.S. 530, 537 (2013).

One of the prior convictions on which the district court based its career offender determination was a 1999 Hobbs Act conviction and the other was a 2005 bank robbery conviction. Relying on *United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020), the district court concluded a Hobbs Act conviction is a conviction for a crime of violence. But before Lewis's sentencing, we decided *United States v. Prigan*, 8 F.4th 1115 (9th Cir. 2021). *Prigan* held that "Hobbs Act robbery is not

5

categorically a crime of violence under" U.S.S.G. § 4B1.2 and expressly distinguished *Dominguez*, which held that Hobbs Act robbery was a crime of violence under 18 U.S.C. § 924(c), not U.S.S.G. § 4B1.2. *Id.* at 1121–22 & 1122 n.3. In light of *Prigan*, and with both parties in agreement, remand for resentencing is appropriate.

3. On remand, the district court should clarify the conditions of Lewis's supervised release. "District judges enjoy broad discretion in fashioning the conditions needed for successful supervision of a defendant, and we owe substantial deference to the choices they make." *United States v. LaCoste*, 821 F.3d 1187, 1190 (9th Cir. 2016). However, that discretion is not limitless, and "restrictions infringing upon fundamental rights are reviewed carefully." *United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007) (quotation marks omitted).

As a condition of Lewis's supervised release, the district court ordered him to "participate in mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider." Lewis argues this condition improperly delegates the right to determine the extent of his punishment to a "nonjudicial officer" and thus runs afoul of our recent opinion in *United States v. Nishida*, 53 F.4th 1144 (9th Cir. 2022). In *Nishida*, we vacated two treatment conditions that gave the probation officer the authority to require inpatient treatment. *Id.* at 1155. We explained that "a condition that plainly

6

read delegates to a nonjudicial officer the power to decide the nature or extent of the punishment cannot stand in our constitutional system." *Id.* (quotation marks omitted). After *Nishida* was decided, the District of Arizona revised its mental health treatment condition to clarify whether the district court is ordering inpatient or outpatient treatment. The government does not object to remand on this issue. Therefore, we remand to the district court to clarify the conditions of supervised release consistent with *Nishida*.

**AFFIRMED in part, REVERSED in part, and REMANDED.**