NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOFTKETEERS, INC., a California corporation, | Nos. 24-150<br> 24-451 |
| Plaintiff – Appellee / Cross – Appellant, | D.C. No. 8:19-cv-00519-JWH-JDE |
| v. | MEMORANDUM[*] |
| REGAL WEST CORPORATION, a Washington corporation doing business as Regal Logistics Inc; VU HO INC.; THAI TRAN INC.; RAND NEEVES; VU HO; THAI QUOC TRAN; DONG BAO PHAM, | |
| Defendants – Appellants / Cross – Appellees. | |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted February 12, 2025
Pasadena, California

Before: GRABER, HAMILTON, and BUMATAY, Circuit Judges.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

Plaintiff-Counterdefendant Softketeers, Inc. ("Softketeers") developed software for Defendant-Counterclaimant Regal West Corporation d/b/a Regal Logistics ("Regal")[1] for almost two decades. The parties never signed an agreement clarifying who owned the rights to the software, though each side came to believe that it held the rights. Shortly after Regal ended the relationship, Softketeers initiated this action, asserting, as relevant here, claims for copyright infringement and for misappropriation of trade secrets. In response, Regal raised several counterclaims, including requests to declare (1) that Regal owns—under the work-for-hire doctrine—the copyrights to the software; and (2) that Regal has an implied license for the software. A jury found in Softketeers' favor regarding its infringement and trade-secrets claims. Deferring to the jury's implicit factual findings, the district court ruled against Regal on its counterclaims, which were tried to the court. The district court also ruled on several post-trial motions.

Regal timely appeals several of the district court's decisions and, on cross-appeal, Softketeers timely challenges the district court's denial of contempt sanctions.[2] We affirm in all respects.

---

[1] Regal is joined on appeal by Vu Ho, Inc.; Thai Tran; Thai Tran, Inc.; Dong Bao Kevin Pham; and Rand Neeves. We will refer to all Defendants as "Regal" in this disposition.

[2] Softketeers' cross-appeal targets only Regal and Neeves.

24-150

1.  Concerning Softketeers' claim for copyright infringement, Regal contends that the district court erred by denying its motion for judgment as a matter of law because (a) no findings bearing on work-for-hire ownership or the existence of an implied license can be inferred from the jury's verdict and (b) any findings the jury might have made are not supported by substantial evidence. Reviewing de novo, Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc., 738 F.3d 960, 970 (9th Cir. 2013), we perceive no error.

Analyzing the jury's instructions alongside the verdict form, we can infer that the jury—by finding in Softketeers' favor regarding the copyright and trade-secrets claims—must have determined that Regal was neither the work-for-hire owner nor an implied licensee of the software.[3]  See Westinghouse Elec. Corp. v. Gen. Cir. Breaker & Elec. Supply Inc., 106 F.3d 894, 902 (9th Cir. 1997) (examining the jury instructions and "the pattern of jury verdicts" to "determine what facts a rational juror must have found").  The jury was instructed on both the work-for-hire and implied-license issues, and it rendered a general verdict in favor of Softketeers.  Despite Regal's argument to the contrary, the instruction pertaining to certificates of copyright registration did not permit the jury to ignore the

---

[3] Though Regal does not appeal the district court's treatment of Softketeers' trade-secrets claim, the jury instructions pertaining to that claim inform our analysis of Regal's other arguments.  In addition, we note that Regal does not challenge any of the jury instructions on their merits.

remaining instructions by assuming Softketeers' ownership of—and, by extension, Regal's lack of an ownership interest in—the copyright. See id. at 901 ("[W]e must assume that the jury followed the trial court's instructions.").

Substantial evidence supports the jury's finding that Softketeers was not Regal's employee for purposes of the work-for-hire doctrine. See Dees v. County of San Diego, 960 F.3d 1145, 1151 (9th Cir. 2020) (stating legal standard applicable to motions for judgment as a matter of law); U.S. Auto Parts Network, Inc. v. Parts Geek, LLC, 692 F.3d 1009, 1015 (9th Cir. 2012) (explaining that a work is made for hire if it is prepared (1) by an employee (2) within the scope of their employment). The multi-factor test set forth in Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751–52 (1989), governs our analysis. All Reid factors made relevant by the circumstances of a case should be weighed. JustMed, Inc. v. Byce, 600 F.3d 1118, 1125–26 (9th Cir. 2010). From the evidence introduced at trial, a reasonable jury could have concluded that several significant Reid factors weigh against categorizing Softketeers as Regal's employee. See id. at 1125 (explaining that the "central inquiry" is "the hiring party's right to control the manner and means by which the product is accomplished" (citation and internal quotation marks omitted)). For example, the jury heard testimony that Regal's management had limited insight into the day-to-day work of the software's programmers, and that the programmers worked under Softketeers' direction.

Substantial evidence also supports the jury's implicit finding on the implied-license issue. One cannot establish the existence of an implied license without showing that "the licensor intends that the licensee-requestor copy and distribute his work." Asset Mktg. Sys., Inc. v. Gagnon, 542 F.3d 748, 755 (9th Cir. 2008) (quoting I.A.E., Inc. v. Shaver, 74 F.3d 768, 776 (7th Cir. 1996)). Of the three factors relevant to the "intent" inquiry, see id. at 756 (listing those factors), a reasonable juror could have concluded that two favored Softketeers' position. First, it is undisputed that the parties were engaged in a long-term, multi-decade relationship. If Regal had been a licensee, it likely would not have kept Softketeers on the premises. Second, a reasonable jury could have found that Softketeers limited who could access the software and, therefore, evinced an intent to prevent Regal from continuing to use the software absent Softketeers' involvement.

2. The district court did not abuse its discretion by denying Regal's motion for a new trial. See Kode v. Carlson, 596 F.3d 608, 611 (9th Cir. 2010) (per curiam) (stating standard of review). The district court applied the correct legal standard and, as detailed above, the record contains evidence supporting the jury's verdict. See Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1189–90 (9th Cir. 2002) ("We will reverse the denial of a motion for new trial based on the insufficiency of the evidence only if the district court made a legal error in

5                                                                    24-150

applying the standard for a new trial or if the record contains no evidence in support of the verdict.").

3. Regarding the district court's bench-trial rulings on Regal's work-for-hire and implied-license counterclaims, Regal contends that the district court erred by deferring to the jury's verdict because work-for-hire ownership and the existence of an implied license are questions of law. At oral argument, Regal's lawyer conceded that we need not address the counterclaims if (1) we decide that the jury made findings regarding those issues and (2) we uphold the district court's judgment-as-a-matter-of-law and new-trial rulings. Because both of those conditions are met, we decline to address the merits of Regal's argument.

In any event, the doctrines of invited error and judicial estoppel bar Regal from asserting its question-of-law contention. The former doctrine applies "where a party 'introduced, or directly set in motion, the error of which he complain[s].'" Hunter v. U.S. Dep't of Educ., 115 F.4th 955, 963–64 (9th Cir. 2024) (alteration in original) (quoting United States v. Magdaleno, 43 F.4th 1215, 1220 (9th Cir. 2022)). Here, Regal insisted in the district court—and convinced that court—that the issues of work-for-hire ownership and implied license were within the jury's province. Meanwhile, judicial estoppel bars litigants from "asserti[ng] . . . inconsistent positions in the same litigation" or "making incompatible statements in two different cases." United States v. Paulson, 68 F.4th

528, 547 n.28 (9th Cir. 2023) (quoting Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 783 (9th Cir. 2001)).  All three factors that we typically consider counsel in favor of applying judicial estoppel in this case.  See id. at 547 (listing those factors).

4.  The district court did not abuse its discretion by awarding Softketeers post-trial equitable relief.  See Williams v. Gaye, 895 F.3d 1106, 1130 (9th Cir. 2018) (stating standard of review).  Notwithstanding Regal's contention to the contrary, we see nothing to suggest that the jury intended to award forward-looking relief.  Nor was the sum awarded by the district court unduly speculative.  See id. at 1128 (stating legal standard).

5.  Regarding Softketeers' cross-appeal, the district court did not abuse its discretion by denying Softketeers' motion for contempt sanctions.  See Hallett v. Morgan, 296 F.3d 732, 749 (9th Cir. 2002) (stating standard of review).  Even assuming that the district court misinterpreted facts in the record pertaining to the timing of Regal's misuse of the software, we are not convinced that the district court "rested its decision" on an erroneous finding.  Id. (emphasis added).  The district court determined that its injunction had indeed been violated, but it also concluded that it could not find by clear and convincing evidence—as required for contempt sanctions, Parsons v. Ryan, 949 F.3d 443, 454 (9th Cir. 2020)—who was responsible for the violations.  That finding was not clearly erroneous.  Nor has

7                                                          24-150

Softketeers shown that the district court "misapprehended the law." <u>Hallett</u>, 296

F.3d at 749.

**AFFIRMED.**