**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

APR 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-3669 |
| Plaintiff - Appellee, | D.C. No. 3:18-cr-00229-VC-1 |
| v. | |
| GREGORY JOSEPH HANSEN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted April 15, 2026**
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Defendant-Appellant Gregory Joseph Hansen appeals the district court's

reimposition of a special condition of supervised release that permits warrantless,

suspicionless searches of Hansen's electronic devices. We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm.

We review the district court's decision on whether to invoke judicial estoppel for abuse of discretion. *United States v. Ruiz*, 73 F.3d 949, 953 (9th Cir. 1996). When the defendant properly objected to a special condition of supervised release, as is the case here, we review the district court's imposition of the condition for abuse of discretion. *United States v. Gnirke*, 775 F.3d 1155, 1159 (9th Cir. 2015). "This standard incorporates 'considerable deference' to the district court's conclusions regarding supervised release conditions." *Id.* (quoting *United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012)). "Conditions affecting fundamental rights, however, are 'reviewed carefully.'" *Wolf Child*, 699 F.3d at 1089 (quoting *United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007)).

1.     The government argues that Hansen's appeal should be dismissed under the doctrine of judicial estoppel given that Hansen previously agreed to the condition he now challenges.[1] But as Hansen properly points out, the government never invoked the doctrine of judicial estoppel before the district court. Rather, the

---

[1] The government also suggests that any error in the reimposition of the special condition was invited and therefore waived and unreviewable under the doctrine of invited error. But there is no indication in the record that Hansen introduced the alleged error. Indeed, while Hansen "agreed to the [original] condition by signing the plea agreement, [the record] does not suggest that [Hansen] himself proposed the condition or drafted the language." *See United States v. Magdaleno*, 43 F.4th 1215, 1220 (9th Cir. 2022). And the government does not make any arguments to the contrary on appeal. Therefore, dismissal under the doctrine of invited error is not warranted.

government addressed Hansen's objections to the electronic search condition on the merits, and the district court similarly ruled on the merits when it reimposed the condition. The government has therefore forfeited any claim of judicial estoppel on appeal. *See United States v. Robertson*, 52 F.3d 789, 791 (9th Cir. 1994) ("Issues not presented to the district court cannot generally be raised for the first time on appeal."); *see also United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc) ("Forfeiture is the failure to make a timely assertion of a right, whereas waiver is the 'intentional relinquishment or abandonment of a known right.'" (citation omitted)).

2.　　The district court did not abuse its discretion in reimposing the electronic search condition. When reviewing conditions of supervised release, we undertake the following two-part analysis: (1) we "determine whether the district court committed procedural error"; and (2) we determine whether the supervised release condition is substantively reasonable, "accounting for the totality of the circumstances presented to the district court." *Magdaleno*, 43 F.4th at 1221 (quoting *Wolf Child*, 699 F.3d at 1090). Because the special condition does not implicate a "particularly significant liberty interest," the district court was not required to state its reasons for imposing the condition so long as its reasoning was apparent from the record. *See id.* (quoting *United States v. Stoterau*, 524 F.3d 988, 1005 (9th Cir. 2008)). Here, the district court's reasoning for reimposing the

special condition was apparent from the record given Hansen's criminal history and its concerns that Hansen posed a significant danger to the community while on release. Therefore, no procedural error occurred. *See United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007) (rejecting challenge to suspicionless search condition of the defendant's "person and property" when the district court reasoned that "the underlying crime itself, and the fraudulent nature of that crime" justified the condition).

The special condition was also substantively reasonable given Hansen's significant criminal history. In light of the record evidence, it is reasonable to conclude that, by knowing that his electronic devices were subject to suspicionless searches, Hansen would likely be deterred from using electronic devices to buy and sell illegal drugs and obtain illegal weapons, which in turn would help protect the public and further promote Hansen's drug rehabilitation. *Cf. United States v. Cervantes*, 859 F.3d 1175, 1184 (9th Cir. 2017) (concluding that the district court did not abuse its discretion in imposing a suspicionless search condition given the defendant's "lengthy criminal history . . . mostly for offenses related to drugs or counterfeiting" and "lengthy history of violating the conditions of previously imposed terms of supervision").

**AFFIRMED**.