NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. GERARDO ANTONIO SAMBRANO, Defendant - Appellant. | No. 24-5140 D.C. No. 3:19-cr-01100-GPC-1 MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted August 13, 2025
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Defendant-Appellant Gerardo Antonio Sambrano appeals his sentence imposed after he admitted to violating the conditions of his supervised release by possessing a firearm. Because Sambrano raises his challenges for the first time on appeal, we review for plain error.[1] *United States v. Hammons*, 558 F.3d 1100, 1103

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] We reject Sambrano's assertion that his attorney did not have the opportunity to object at sentencing. The record shows that Sambrano's attorney had the

(9th Cir. 2009). We affirm.

1.  ***Rehabilitation Argument.*** Sambrano first argues that the district court erred by failing to address his mitigation argument that he rehabilitated himself after learning about his daughter's birth. Relatedly, Sambrano argues that the district court erred by relying on the erroneous belief that he failed to take responsible actions after his daughter's birth. We disagree with both points. The district court acknowledged Sambrano's rehabilitation argument and adequately explained its reasons for rejecting it. *See United States v. Trujillo*, 713 F.3d 1003, 1010 (9th Cir. 2013). Before imposing his sentence, the district court told Sambrano, "I'll take you at your word that given this gift that has been both – bestowed upon you and your significant other that is a baby girl, that you want to turn your life around." The court then explained that it was rejecting that Sambrano had changed because "[it was] clear that" Sambrano still was not "ready or wanting to discontinue . . . gang contacts or discontinue possessing a loaded firearm" and was "prepared to take someone's life." On this record, we conclude that the district court properly considered Sambrano's argument, *see United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054 (9th Cir. 2009), and did not clearly err in finding that Sambrano was not rehabilitated, *see United States v. Burgos-Ortega*, 777 F.3d 1047, 1056 (9th Cir.

___

opportunity to, and did, raise objections during sentencing. And there is no indication that it would have been futile for Sambrano's attorney to raise additional objections. *Cf. United States v. Martinez*, 850 F.3d 1097, 1100 n.1 (9th Cir. 2017).

2015).

2. ***Suspicionless-Search Condition.*** Next, Sambrano argues that the district court erred by imposing as part of his new term of supervised release a suspicionless-search condition that extended to electronic devices without making the requisite factual findings that this condition was related to his violation and was necessary to serve the sentencing goals. Because this search condition does not implicate a "particularly significant liberty interest," the district court was not required to state its reasons for imposing this specific condition so long as its reasoning was apparent from the record. *See United States v. Magdaleno*, 43 F.4th 1215, 1221 (9th Cir. 2022). Here, the court's reasoning was apparent given its discussion of Sambrano's criminal history and its concerns about Sambrano's current gang ties and public safety. We reject the contention that our decision in *United States v. Bare*, 806 F.3d 1011, 1017–18 (9th Cir. 2015), established a heightened procedural standard for imposing search conditions of electronics.

3. ***Gang-Paraphernalia Condition.*** Finally, Sambrano argues that the district court erred by imposing an unconstitutionally vague and overbroad condition prohibiting him from using, wearing, or possessing paraphernalia "known to represent" affiliation with any "criminal street gang." We have held that conditions forbidding association with "any criminal street gang" are constitutional. *See United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007) (per curiam); *United States v.*

*Vega*, 545 F.3d 743, 750 (9th Cir. 2008). And while Sambrano contends that the phrase "known to represent" does not specify that Sambrano, as opposed to the larger community, must have the requisite knowledge, we construe supervised-release conditions to require an element of mens rea so as "to exclude inadvertent violations." *Vega*, 545 F.3d at 750 (quoting *United States v. Johnson*, 446 F.3d 272, 281 (2d Cir. 2006)); *see also United States v. Evans*, 883 F.3d 1154, 1161 (9th Cir. 2018). "Thus construed, the condition . . . is not vague or overbroad." *Evans*, 883 F.3d at 1161.

    **AFFIRMED.**